THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CARRIE LAFRENIE, Defendant.

Supreme Court, Erie County, April 6, 1925.

**Insane persons — crimes — application to transfer defendant from Matteawan State Hospital to custody of sheriff of Erie county for trial upon indictment for murder, first degree — defendant committed to Matteawan State Hospital before indictment — certification of medical superintendent of hospital as to her recovery approved by court — defendant should be returned to sheriff pending determination of indictment.**

Defendant, under indictment for murder, first degree, should be returned from the Matteawan State Hospital, to which she was committed for insanity prior to the indictment, to the sheriff of Erie county pending a determination of said indictment, where the medical superintendent of the hospital has certified that defendant has regained her right mind, and said certificate has been approved by the court having jurisdiction of the criminal offense, pursuant to section 94 of the Insanity Law.

APPLICATION to transfer defendant from Matteawan State Hospital to the custody of the sheriff of Erie county.

*Guy B. Moore, District Attorney,* for the plaintiff.

*Marvin M. Marcus, Jr.,* for the defendant.

HINKLEY, J.:

This is an application to transfer one Carrie LaFrenie from Matteawan State Hospital to the custody of the sheriff of Erie county.

Supreme Court, April, 1925. [Vol. 124

The above-named Carrie LaFrenie, upon the certificate of a duly appointed commission declaring her insane, was, by order of this court, dated the 5th day of September, 1922, duly committed to the Matteawan State Hospital for the Insane. Thereafter and on the 29th day of September, 1922, she was duly indicted by a grand jury of Erie county of the crime of murder in the first degree, upon which indictment she has never been arraigned. On the 17th day of March, 1925, the medical superintendent of said hospital, Raymond F. C. Kieb, M. D., duly certified that the said Carrie LaFrenie had been restored to her right mind, which certificate has been duly approved by this court. The last sentence of the last paragraph of subdivision 3 of section 94 of the Insanity Law provides as follows: "A patient, held upon an order of a court or judge having criminal jurisdiction, in an action or proceeding arising from a criminal offense, may be discharged upon the superintendent's certificate of recovery, approved by any such court or judge."

There is no specific statutory provision prescribing the method of transfer under the particular circumstances of this case, but there is an indictment pending in this court charging the said Carrie LaFrenie with the crime of murder in the first degree. She was transferred by order of the court from the custody of the sheriff of Erie county to Matteawan, because of her insanity. Now that she has, in the opinion of the medical superintendent of Matteawan State Hospital, regained her right mind, and said certificate of recovery has been duly approved, she must again be brought under the control of this court pending the disposition of the indictment against her. The situation is no different than would have been presented had she temporarily left the control of the sheriff for any other reason. It would be the duty of the sheriff to take her again into custody, if she were in the State, or to regain her custody by extradition proceedings, if in a foreign State or country.

There has been some indication that the said Carrie LaFrenie, although no longer insane, is a mental defective. Ample provision is made by statute for her examination for mental deficiency upon her return and her commitment, if it be so determined after such examination that she is a mental defective.

Order may be entered directing the sheriff of Erie county to bring the defendant from the Matteawan State Hospital and keep her in proper custody pending the determination of the indictment against her.