THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND RILEY, Defendant.

County Court, Kings County, March 16, 1948.

*Louis B. Heller* for defendant.

*Miles F. McDonald, District Attorney (Solomon Klein* of counsel), for plaintiff.

MARASCO, J. Claiming that his conviction for the crime of grand larceny in the second degree on June 24, 1936, was obtained by fraud, and deception committed at the trial by and with the alleged participation and concurrence of the assistant district attorney, and on " the false testimony " of the complaining witness, this defendant now moves by writ of *coram nobis,* to vacate the judgment of conviction and the sentence thereon imposed.

The defendant, at the time of his trial, was a practicing attorney and as a result of his conviction, was automatically disbarred. Following his conviction, a notice of appeal was served and filed, but the appeal was abandoned because, as defendant states, he had no funds to prosecute it.

The indictment charged the defendant with appropriating to his own use a check in the sum of $235.28, made payable to " Estate of Nettie S. Woods " and indorsed over by Gladys Dyment as administratrix, which check, the complainant claimed was to be deposited by the defendant to the credit of the estate, in accordance with her specific instructions. In defense of this charge, defendant at his trial, produced an authorization from the administratrix to him to cash the check and to retain the proceeds thereof for moneys advanced by him.

At the trial the complainant denied the authenticity of her signature on such authorization. To rebut the issue thus raised, a handwriting expert testified for the defendant, that, in his opinion, the signature appearing on the authorization was the genuine signature of the complainant, basing such opinion upon his comparison with other signatures of the complainant on papers filed in the Surrogate's Court. The question as to whether or not the handwriting on the authorization was that of Gladys Dyment was determined adversely to the defendant by the jury.

Though no such power is expressly conferred by the Code of Criminal Procedure, the Court of Appeals in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) has held that a court of criminal jurisdiction has inherent power to set aside, upon motion, its own judgment, based upon fraud or misrepresentation of an *officer of the State,* depriving a defendant of due process.

During the course of the hearings held before me, Assistant District Attorney Solomon Klein, who appeared in opposition to defendant's application, in order to obtain an honest opinion with respect to the issue raised by the disputed signature on the authorization, submitted for comparison to Francis D. Murphy, a handwriting expert of the technical research bureau of the police department of the city of New York, the disputed document and the admitted and conceded signatures of the complaining witness. Mr. Murphy testified that, after an examination of all papers submitted to him, he was of the opinion that the signature on the authorization and all other papers were made by the same hand.

The defendant testified that at the trial of the indictment there was present in court at the counsel table, alongside of the

assistant district attorney, one whom he later learned to be Mr. Elbridge D. Stein, generally known to be a handwriting expert who had come to the court at the request of the assistant district attorney who prosecuted the indictment; that during the course of the trial, the assistant district attorney requested the defendant to let him have the disputed paper (the authorization) which the assistant district attorney with other papers handed over to the said Stein; that he then saw the assistant district attorney, the complainant and the said Stein leave the courtroom and enter a side room where they spent ten or fifteen minutes; that after a lapse of time the said Stein left the courthouse.

Mr. Elbridge D. Stein testified that he is a qualified handwriting expert and at the request of former Assistant District Attorney Kelly, he came to court on June 23, 1936 (the day of the trial), and after making a comparison of the disputed signature on the authorization with other papers signed by the complainant, he told Mr. Kelly that the disputed signature was a genuine signature of the complainant, Gladys Dyment; that Mr. Kelly thereupon told him to leave " without being noticed by anyone in the Court "; that " Mr. Kelly indicated by his attitude that he did not want his testimony because it might help the defendant " and that he (Kelly) did not want it known that the papers had been examined by him.

Gladys Dyment, who was the complainant at the trial, testified, at the hearing held before me, that although the signature on the authorization looked like her signature and could be her signature, she never signed the authorization. Nevertheless, she readily acknowledged an enlarged facsimile of the disputed signature on a photostat to be her signature.

All the evidence adduced upon the hearings with respect to the disputed signature appearing on the authorization, preponderates in favor of the defendant.

The issue involved on this motion is whether or not the assistant district attorney who tried the case, in bringing about the conviction of this defendant by suppressing evidence which would have been helpful to defendant, practiced a fraud which deprived the defendant of the constitutional protection guaranteed to him under our laws.

A "prosecutor * * * is a *quasi*-judicial officer, representing the People of the state, and presumed to act impartially in the interest only of justice." (*People* v. *Fielding*, 158 N. Y. 542, 547.) It is as much his duty to see that no innocent man suffers as it is to see that no guilty man goes unpunished. If he disregards his dual duty and suppresses or omits to present evi-

dence which may be helpful to the jury in determining a true and just verdict, especially if such suppressed evidence could be helpful to a defendant, he ceases to properly represent the public interest.

It is the duty of a prosecutor to present to the trial jury all the material evidence of which he may become possessed, in order that the jury may properly evaluate the credibility of the witnesses who are called before them to testify, and more particularly to aid them in ascertaining the truth as to a disputed fact.

Hence, at the trial it was the duty of the assistant district attorney to offer the testimony of Stein, who was available to testify, even though his testimony was detrimental to the State, so that the jury would be aided in arriving at the truth of the authenticity of the authorization. True administration of justice and a fair trial required the disclosure to the court and jury of Stein's opinion, which was known only to the assistant district attorney. The failure of the prosecutor to do this deprived the defendant of a fair trial.

" An unfair trial, especially in a criminal case, is a reproach to the administration of justice and casts grave responsibility not only upon the prosecuting officer but also upon the trial judge. * * * A fair trial is a legal trial, or one conducted in all material things in substantial conformity to law." (*People* v. *Wolf*, 183 N. Y. 464, 472.)

The strong probability is that had Stein testified, as a witness for the People, his testimony would have affected the result. The omission of the prosecutor to introduce such evidence raises the presumption that it would have operated to his prejudice and creates an inference of fact favorable to the defendant.

It cannot be said that Stein's testimony would have been cumulative. Testifying as a witness called by the People, Stein's opinion that the signature of complainant affixed to the authorization was genuine would have destroyed the probative force of complainant's denial of the authenticity of her signature, which denial undoubtedly influenced the jury in its verdict. The authorization was a complete defense to the indictment.

The conviction in this case cannot be permitted to stand. A fraud was perpetrated on the court by the suppression or omission of evidence which could have been helpful to the defendant, which requires me to act. A prosecutor cannot be permitted to profit by his own concealment of a material fact in derogation of defendant's rights. (Cf. *People* v. *Steele*, 65 N. Y. S. 2d 214.)

That three handwriting experts have testified to the genuine-

ness of complainant's signature and complainant's admission that the signature on the authorization looked like her signature and could be her signature, sufficiently demonstates the injustice of further prosecution.

The motion is granted and the judgment of the conviction made and entered herein on or about the 3d day of August, 1936, is vacated and set aside, and in furtherance of justice pursuant to section 671 of the Code of Criminal Procedure, the indictment is hereby dismissed. Enter order.