William Lyman, J.
The defendant is presently confined in Matteawan State Hospital for the criminal insane pursuant to an order for his commitment entered on December 20, 1945 by the late Hon. Lester W. Patterson, a Judge of this court. He now moves for a writ of error coram nobis to vacate and set aside the aforesaid order upon the ground that he was not represented by counsel in such commitment proceedings.
It appears that two indictments were filed against the defendant on October 26, 1945, one charging a violation of subdivision 5-a of section 1897 of the Penal Law and the other assault, first degree. He was arraigned for pleading on October SO, 1945, and the available stenographic minutes of that proceeding show that he was asked by the presiding Judge (Hon. Harry Stackell) whether he had a lawyer whereupon the defendant informed the court that he wanted to defend himself, that he had 24 witnesses and it was the duty of the court to call them. This colloquy then ensued:
the court: “I will assign a lawyer to represent you without compensation. It won’t cost you any money and he will look after getting your witnesses to court, see that they are duly subpoenaed and protect your rights generally. I think you are better off that way if you had somebody to talk the case over with, somebody to discuss the case with and then afterwards when the case comes to trial you can decide whether or not you want to proceed with or without his help. ’’
*163 the defendant: “That will be all right”.
The court thereupon assigned one Herman Often to represent the defendant.
It further appears that in the proceedings relating to the defendant’s arraignment for trial, on November 21, 1945, the assigned counsel informed the court (Pattebson, J.) that the defendant had refused to confer or discuss the case with him and that he wanted to try the case himself. Upon counsel’s application the court permitted him to withdraw from his assignment. The assistant district attorney in charge of the case then made known to the court the fact that about a year previously the defendant had been committed to Bellevue Hospital for mental observation by a Court of Special Sessions, Bronx County, after he had been convicted in that court for a violation of section 551 of the Penal Law (sending threatening letters). The Bellevue Hospital report, at that time, found him legally sane but suffering from a mental disorder that might require his hospitalization in the future.
Upon the basis of that diagnosis, the defendant was committed Dy Judge Patterson to Bellevue Hospital for mental examination. After having been returned from Bellevue Hospital, the defendant was again arraigned on December 20, 1945 at which time the court committed him to Matteawan State Hospital after the District Attorney moved for confirmation of the report recommending such commitment. The minutes of these proceedings reveal that the defendant was not represented by counsel at the time of his commitment.
After his long confinement under the order of December 20, 1945, the defendant recently initiated a habeas corpus proceeding in the Dutchess County Court to effect his release from continued detention and urged the alleged illegality of the order for his commitment on the ground that he was without legal representation. In opposing the sustainment of the writ the Attorney-General contended that the commitment was regular and legal on its face and its alleged illegality was not a matter for determination by habeas corpus.
In unanimously affirming the dismissal of the writ by the Duchess County Court, the Appellate Division, Second Department ruled that the dismissal was without prejudice, if he was so advised, to the commencement of a proceeding by the defendant to vacate the order of commitment on the ground that he was not represented by counsel. (People ex rel. Cunningham v. McNeill, 281 App. Div. 845, affd. without opinion 306 N. Y. 645.) The instant application by the defendant pro se is the result of such ruling.
*164 The question now posed before this court is whether the immediate relief sought by the defendant may be effectuated through the remedial process of coram nobis. Before resolving this issue and in order to give an overall picture of the defendant’s disdain for legal assistance in prior court proceedings had against him this court makes the following observations. It is a matter of record that the defendant refused the offer of assigned counsel and insisted on defending himself against a charge for assault, first degree, in the Bronx County Court in 1943 which resulted in his conviction for a violation of section 1906 of the Penal Law by verdict of a jury and a suspension of sentence thereunder (Barrett, J.). It further appears that the following year, in 1944, in the Court of Special Sessions, Bronx County, the defendant was charged with a violation of section 551 of the Penal Law (heretofore noted). At his trial on that charge his assigned counsel informed the court that the defendant insisted on examining the witnesses against him and the record discloses that he actively participated in their cross-examination.
The pattern of the defendant’s past behavior in court proceedings against him and his belief in his own power of advocacy is significant in terms of whether the defendant may now be heard to argue that his rights were infringed by his commitment to Matteawan State Hospital without benefit of legal representation.
Every defendant in a criminal case has the statutory and constitutional right to the aid and assistance of counsel and he likewise has the right to waive counsel and defend himself. This court is fully mindful that a waiver of counsel must be an intelligent, informed and competent one in order to be effective and the refusal of legal aid by an alleged or certified legally insane defendant makes the effectiveness of his waiver open to serious doubt.
Nonetheless, in the absence of a clear indication by an appellate tribunal that coram nobis is the applicable remedy under the facts of the instant case and in further view of the fact that the defendant is not confined under a judgment of conviction but is detained pursuant to the power of the court permitting his restraint until such time as he is certified as knowing the nature of the charges against him and of making his defense thereto, this court cannot, under the settled law, enlarge the purpose and scope of the writ of error coram, nobis to embrace the infringement of rights as alleged by the defendant.
*165 Moreover, the affidavit of Dr. John F. McNeill, superintendent of Matteawan State Hospital, sworn to March 8, 1954, attached to the District Attorney’s opposing papers states: “That it is the opinion of your deponent that the said Thomas Cunningham is still insane and that he would be a menace to the public peace and safety, if at large. That the said Thomas Cunningham is in such a state of insanity * * * as to be unable to understand the nature of the charge pending against him and to make his defense thereto.” No practical purpose would therefore result from recalling the defendant since his present mental condition precludes any proceedings on the charge pending against him in this court other than his ultimate recommitment to Matteawan.
Accordingly, the application must be and hereby is denied.