Lawrence Cooke, J.
An indictment was found against defendant charging him with the commission of eight counts of the crime of grand larceny in the second degree. Thereafter defendant was examined by two psychiatrists pursuant to the provisions of section 658 et seq. of the Code of Criminal Procedure who rendered a report that in their opinion defendant was suffering from a mental disease, a form of insanity which impaired his judgment to distinguish right from wrong and rendered him incapable of adequately conducting his defense against the criminal charges made. The report recommended that defendant be certified to an appropriate hospital for the mentally ill in New York State. On December 29, 1952, while defendant was represented by a competent and reputable attorney who did not object, an order was made and entered by the Sullivan County Court confirming the findings and conclusions of the said psychiatrists and committing defendant to the Matteawan -State Hospital ‘‘ until he shall become sane, when he shall be returned to the Court for disposition of the charges pending against him ”.
The instant matter involves an application which defendant has filed with this court, the papers being entitled “ Petition of Paul King for a Writ of Error, Corum Nobis ” and defendant asks that the district attorney show cause ‘‘ why a writ of error, corum nobis should not be granted setting aside the commitment order of Paul King to Matteawan State Hospital.” Said petition is lengthy and, among other things, alleges that the proceeding resulting in his commitment to Matteawan was not *188 in his presence, that he is imprisoned with felons and other convicted persons, that he is imprisoned at a place where he receives no oral psychotherapeutic treatment, that his commitment is in violation of former rule 45 of the Revised Rules of the United States Supreme Court (306 U. S. 724; U. S. Code, tit. 28, ch. 131) in that at the time of his commitment to Matteawan he was conducting an appeal from a United States District Court decision in a habeas corpus proceeding, that his commitment order was invalid because it was not signed by a Justice of the United States Supreme Court, that he was not declared insane by a trial jury, that the indictment in question is faulty, that the Grand Jury neglected to subpoena certain witnesses as requested by defendant and that certain witnesses before the Grand Jury committed perjury.
The question is presented here, therefore, as to whether or not the remedy commonly known as writ of error coram nobis applies to a case where there has been no judgment of conviction but merely an order before trial committing defendant to a State hospital until he becomes sane, at which time he is directed to be returned for disposition of the charges in question.
Although the precise limits of the functions of the writ of error coram nobis are difficult to define, its use in New York State has been sanctioned only in regard to an attack upon the validity of judgments of conviction. The courts, in applying the rule, have referred constantly to a judgment, a conviction or a judgment of conviction. (See: People v. Palumbo, 282 App. Div. 1059; People v. Richetti, 302 N. Y. 290, 296; People v. Wurzler, 300 N. Y. 344, 345; People v. McCullough, 300 N. Y. 107, 110; People v. Sadness, 300 N. Y. 69, 74; People ex rel. Sedlak v. Foster, 299 N. Y. 291, 294; Matter of Bojinoff v. People, 299 N. Y. 145, 152; Matter of Morhous v. New York Supreme Court, 293 N. Y. 131, 140; Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 5, 9; Matter of Lyons v. Goldstein, 290 N. Y. 19, 23, 25; People v. Hoffner, 191 Misc. 419, 422; People v. Richetti, 109 N. Y. S. 2d 29, 36; People v. Riley, 191 Misc. 888; Code Crim. Pro., § 517; Frank on Coram Nobis, p. 23.)
The words ‘‘ judgment ’’ and ‘‘ judgment of conviction ’’ have been held to mean sentence or sentence of the court entered in the minutes (People v. Canepi, 181 N. Y. 398, 402; Matter of Cedar, 240 App. Div. 182, 186; People v. La Sasso, 182 Misc. 538, 541). A “ conviction ” means that there was a verdict of guilty or that a judgment has been pronounced upon the verdict (People v. Fabian, 192 N. Y. 443, 452). Obviously, there has been no judgment or conviction here and, under the scope of the proceeding known as a writ of error coram nobis as indicated *189 by the Legislature and the courts of New York State, that remedy is not available to defendant.
A similar situation arose in the matter of People v. Cunningham (2 Misc 2d 162, 164) in which Bronx County Judge Lyman held: “ Nonetheless, in the absence of a clear indication by an appellate tribunal that coram nobis is the applicable remedy under the facts of the instant case and in further view of the fact that the defendant is not confined under a judgment of conviction but is detained pursuant to the power of the court permitting his restraint until such time as he is certified as knowing the nature of the charges against him and of making his defense thereto, this court cannot, under the settled law, enlarge the purpose and scope of the writ of error coram nobis to embrace the infringement of rights as alleged by the defendant.”
In his petition defendant indicates that he is “ General Counsel and Attorney Pro Se to defend himself, and no Court has the power or right to appoint an attorney to represent Paul King ”. Upon receipt of the petition this court wrote to defendant inquiring if he had an attorney and, if not, if he desired the court to assign one for him. Thereafter the clerk of this court received a letter from defendant stating that he would act as attorney pro se in the coram nobis matter and that he did not wish any lawyer appointed to represent him and that the Judge be so informed.
It is hardly necessary to point out that if defendant’s condition is such that he should not be in Matteawan he has an adequate remedy. The court has been informed that defendant has instituted numerous legal proceedings in this direction and has received considerable attention and time from judicial officials.
Application denied. Submit order.