Thomas Dickens, J.
By a formal insanity commitment, dated October 28,1953, defendant was ordered lodged as an inmate in Matteawan State Hospital, until restoration to a sound state of mind and understanding before resumption of proceedings on the indictment, filed against him on May 29, 1953, for attempted arson in the first degree, and malicious injury to property, to which he had pleaded not guilty.
The record discloses a consent by defendant’s attorney to the confirmation and approval of the psychiatrists’ report as to defendant’s mental condition leading to the afore-mentioned commitment.
The record indicates also that on June 12, 1953, on the application of defendant’s attorney and on consent of the District Attorney, defendant had been committed to Bellevue Hospital for observation and examination.
He now moves this court by motion to be permitted to stand trial, maintaining that he is at the present time sane inasmuch as he understands the nature and the quality of the acts charged against him.
In the state of the present record, this motion cannot be entertained here. Seemingly, a judgment of conviction is necessary as a basis for the relief applied for in this court. (People v. Kurtz, 2 Misc 2d 88; Frank, Coram Nobis [1954-1957 Cum. Supp.], p. 1.) In the present circumstances, a habeas corpus proceeding appears to be the likely process for relief but resort therefor must be had in the appropriate tribunal.
The motion is therefore denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.