Hyman Barshay, J.
The defendant was'indicted for the crimes of burglary in the third degree, petit larceny and possession of burglar’s instruments. On September 15, 1938 he pleaded not guilty with a specification of insanity. At his request, a lunacy commission was appointed to examine him pursuant to the then provisions of section 658 of the Code of Criminal Procedure. On October 19, 1938 the commission' reported the defendant was insane both at the time of the examination and at the time of the commission of the crime. On November 1,1938 Judge Bran-cato confirmed the findings and conclusions of the lunacy com *598 mission and committed the defendant to the Matteawan State Hospital for the criminally insane there to remain ‘ ‘ until he shall become sane, when he shall be returned to this Court for disposition of the indictment pending against him ’ The defendant still in Matteawan State Hospital seeks by writ of error coram nobis to vacate that order. The writ of error coram nobis is not available for such purpose. (People v. King, 2 Misc 2d 187; People v. Cunningham, 2 Misc 2d 162; People v. Kurtz, 2 Misc 2d 88.) If the petitioner claims that he is presently sane, he should apply for a writ of habeas corpus in the county where he is presently confined.
The motion is, therefore, in all respects denied. Submit order.