Thomas Dickens, J.
The vacating of the order entered herein on. the-- 21st day of June, 1955, committing defendant to Matteawan State Hospital, and the replacing of this order with another order requiring his return to this- court to stand trial, are the- objectives' of this formal notice of motion instituted for defendant by hfs attorney.
*339 The facts forming the background of Ms incarceration as an inmate of Matteawan, alleges defendant, are that on April 20, 1955, he pleaded not guilty to the indictment charging Mm with murder in the first degree; that on the same day, he was committed to Bellevue Hospital for preliminary examination as to his mental status; that on May 4, 1955, he was committed by formal order to Bellevue Hospital for a complete examination as to his mental capacity; and that on June 21,. 1955, he was committed to Matteawan State Hospital pursuant to a report rendered by the doctors of Bellevue Hospital, the report declaring defendant to be insane, and the commitment, on the basis of the report, directing his confinement until such time as he will have recovered to the extent of comprehending the nature and the quality of the proceedings against Mm, so that he could make a defense in Ms favor.
In support of his request that ‘ ‘ a hearing be granted to determine whether he is now able to comprehend the nature of the proceedings against him and to make a defense thereto as is required by statute,” defendant states that a qualified psychiatrist of the State of Hew York made a psychiatric examination of Mm, the result of which indicated that defendant “ has made a clinical remission to the extent that he is now able to understand the nature of the charges against Mm and be responsive to them in a Court of Law. ’ ’ For verification of this clinical remission, defendant attaches an affidavit sworn to by the psycMatrist to whom defendant refers in his affidavit as the one who had made the examination.
G-ranted that what defendant, aided by the affidavit of the psychiatrist, says is factual concermng his improved mental condition, nevertheless, he can obtain no relief in tMs tribunal by the means he now employs, that is, by notice of motion, as I shall point out by statutory law and case law, which lend not the least bit of countenance to this application.
The Code of Criminal Procedure provides the methods to be applied when the question of insanity is involved in a criminal action pending in court. The applicable sections therefrom follow.
Section 481 of the code enables a defendant to show insamty as a cause against judgment. TMs provision does not fit the facts of this motion; therefore, it is of no concern here. See annotated cases thereunder.
Sections 870 to 876 of the code deal with the question of insanity in an instance when a defendant is not under indictment. These provisions are also of no concern here, in view of the *340 indictment herein held in abeyance. (See annotated cases thereunder,)
Sections 658 to 662-f of the code, however, deal with insanity before or during trial, or after conviction, and therefore, apply to the situation under review. The specific section thereof that could authorize a Judge of this court to command the return for trial of a defendant heretofore committed to an institution for the insane, is section 662-b. But, such authority gains essence only after the director of the institution informs the court and the District Attorney that such defendant is no longer in a state of insanity as to be incapable of understanding the charge against him or of making his defense thereto. (See annotated cases thereunder and People v. La Frenie, 124 Misc. 731; People ex rel. Beldstein v. Thayer, 121 Misc. 745; People ex rel. Romano v. Thayer, 229 App. Div. 687.)
In People v. Kautzler (37 N. Y. S. 2d 377) defendant, who had been committed under section 662-b of the code to an institution for the insane, moved by motion in the County Court, the judicial situs of original commitment, to have the order of commitment revoked. The Judge’s view with respect to the application, was expressed in the following language (p. 378): “ The defendant having been committed, pursuant to statute to an institution, because presently insane, there is no method of securing his release unless he be certified by the institution as sane. If this should be done, he will be remanded for trial.”
There is no contention in the moving papers that a certificate attesting to defendant’s sanity had been issued by the director of Matteawan State Hospital.
Defendant would have come to the same grief if he had moved by motion in coram nobis. A judgment of conviction, it appears, is a prerequisite to lay the foundation for a writ of error coram nobis. An order of commitment, as here, to a State hospital ‘ ‘ there to be safely kept and detained * * * until he is no longer in such state of insanity as to be incapable of understanding the charge against him or of making his defense thereto,” is insufficient to supply the foundation for this remedy. (People v. McManus, 8 Misc 2d 597; People v. Williams, 22 Misc 2d 1060; People v. Kurtz, 2 Misc 2d 88; Frank, Coram Nobis [1954-1957 Supp.], p. 1.)
But defendant is not entirely foreclosed. Section 204 of the Mental Hygiene Law apparently provides a remedy. It reads in part as follows: “ Any one in custody as a mentally ill person, mental defective * * * is entitled to a writ of habeas corpus **.
*341 The cases of People ex rel. Van Newkirk v. McNeill (286 App. Div. 875); People ex rel. Fazio v. McNeill (4 A D 2d 686); and People ex rel. Klesitz v. Mills (179 Misc. 58) lend weight to the theory that a defendant who maintains that he is mentally ready to face trial may test his legal right to be tried by resorting to a. proceeding in habeas corpus instituted in the appropriate judicial forum.
Lacking competent jurisdiction to entertain this motion with favor, I am left with no course but to deny the motion.
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy to the defendant and to his attorney.