William C. KING by (The Rev.) Paul Frampton King, Attorney-In-Fact, Plaintiff,

v.

Paul D. McGINNIS, Commissioner, New York State Department of Correction, Jack Pulliam and the State of New York, Defendants.

No. 68 Civ. 2479.

United States District Court
S. D. New York.

Aug. 8, 1968.

On Rehearing Sept. 24, 1968.

William C. King, by Paul Frampton King, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of N. Y., Irving L. Rollins, Asst. Atty. Gen., of counsel for defendants.

### MEMORANDUM

POLLACK, District Judge.

The defendants, the Commissioner of the New York State Department of Correction and a Charge Officer at Matteawan State Hospital, Beacon, New York, move to dismiss this civil rights damages action for lack of subject matter jurisdiction and insufficiency of the claim. F.R.Civ.P. 12(b) (1) and (6).

Plaintiff's assertion that he has been illegally confined at Matteawan since 1946 is unsupported by factual allegations. No facts at all are alleged with respect to the period prior to 1952. An order of commitment dated December 29, 1952 entered in the New York State County Court, Sullivan County (Deckelman, J.), committing plaintiff to Matteawan until competent to defend pending felony charges against him is valid on its face, and complies with the

requirements of the New York Code of Criminal Procedure § 662–b. Cf. United States ex rel. Farnum v. McNeill, 157 F.Supp. 882, 887 (S.D.N.Y.1958). Plaintiff's alleged absence at the commitment hearing (he was represented therein by counsel) is not a constitutional defect; plaintiff was privileged at any time subsequent to his commitment to seek his release on a writ of habeas corpus. People v. Dionisiou, 24 Misc.2d 338, 201 N.Y.S.2d 220 (Gen.Sess.N.Y. Co.1960). Plaintiff does not contend that he is presently competent to stand trial for the 1952 offense.

■ Prior to 1964 plaintiff filed at least seven habeas corpus applications in this Court (See King v. Johnston, 64 Civ. 348), all of which lacked legal merit. A 1965 application (King v. Johnston, 65 Civ. 743) was dismissed for failure to exhaust state remedies. Plaintiff has as yet not exhausted his state remedies, and he should not be permitted to circumvent the requirements of 28 U.S.C. § 2254 by seeking a federal adjudication of the legality of his confinement in a civil rights act suit. Greene v. State of New York, 281 F.Supp. 579 (S.D.N.Y. 1967); Lombardi v. Peace, 259 F.Supp. 222, 226 (S.D.N.Y.1966).

■ At all events the defendants in obeying a court order of commitment, valid on its face, cannot be held liable under the civil rights acts. Miller v. Director, Middletown State Hospital, Middletown, N. Y., 146 F.Supp. 674 (S.D.N.Y.1956), aff'd 243 F.2d 527 (2d Cir. 1957).

■ Plaintiff contends that because he is not permitted to seal Christmas cards prior to censorship thereof by the Matteawan authorities he is deprived of his freedom of religion in violation of the First Amendment of the United States Constitution. This proposition is untenable, both because such censorship does not constitute a violation of plaintiff's free exercise of his religion, and because the censorship requirements of the Department of Correction are reasonably related to the maintenance of discipline within the institution. United States ex rel. Thompson v. Fay, 197 F. Supp. 855 (S.D.N.Y.1961).

■ Additionally, the defendant McGinnis, sued in his official capacity, is not liable under the civil rights statute (42 U.S.C. § 1983), the State being the real party in interest. Fisher v. City of New York, 208 F.Supp. 681 (S. D.N.Y.1962), aff'd 312 F.2d 890 (2d Cir.), cert. den., 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051 (1963).

Accordingly, the motion is granted and the complaint is dismissed, without costs.

So ordered.

### On Reargument

Plaintiff, *pro se*, has moved to set aside the decision of this Court dated August 8, 1968, which dismissed the complaint herein.* The Court is also in receipt of a letter from plaintiff, dated August 18, 1968, in which he makes allegations that did not appear in the pleading or papers submitted to the Court prior to the dismissal. The motion and the letter will be considered as a motion for reargument pursuant to Rule 9(m) of the General Rules of this Court, upon consideration of which the following disposition is made:

■ Plaintiff's contention that he was entitled to be present in Court on the return day of the motion to dismiss the suit and to present testimony in opposition thereto is without merit. See Rule 9(k) of the General Rules of this Court.

Plaintiff's application is in all other respects denied.

So ordered.

---

* Plaintiff has taken an appeal from the dismissal to the Court of Appeals, Second Circuit, by notice dated August 20, 1968.