Donald FRAZIER, Petitioner,

v.

Jack CZARNETSKY, Respondent.

No. 77 Civ. 3257.

United States District Court,
S. D. New York.

Nov. 3, 1977.

Donald Frazier, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendant; Margaret A. Goederer, Deputy Asst. Atty. Gen., of counsel.

## OPINION

WHITMAN KNAPP, District Judge.

In this application for a writ of habeas corpus, petitioner challenges the validity of his conviction and sentence in New York State courts on a robbery charge. He bases his attack on several grounds, alleging: (a)(1) that the conviction was based on insufficient evidence, (b) that the prosecutor's reference in his summation to a co-defendant's confession violated the *Bruton* rule, (c) that the judge erroneously charged the jury, (d) that petitioner was denied a speedy trial, and (e) that the judge erred in allowing testimony as to petitioner's prior criminal behavior and photographic identifications made of him. Petitioner had raised

virtually identical claims on appeal to the New York Supreme Court, Appellate Division, which unanimously affirmed the conviction without opinion. Leave to appeal to the Court of Appeals was denied.

■ Only two of petitioner's claims—the alleged *Bruton* violation and the speedy trial claim, insofar as it rests on constitutional grounds—possess the constitutional stature required for federal habeas review. *Wainwright v. Sykes* (1977) —— U.S. ——, at ——, 97 S.Ct. 2497, at 2503, 53 L.Ed.2d 594. We first consider the claim of undue delay.

### (A). The Speedy Trial Issue

■ Petitioner was confined for eleven months while awaiting trial. He claimed undue delay in an unsuccessful pre-trial motion and again on appeal. Petitioner was represented by counsel in both of these proceedings. In the motion he claimed violations of the Sixth Amendment and state statutes; on appeal he merely claimed a violation of a generalized right to speedy trial. His appellate brief expressly relied on C.P.L. § 30.30,[1] and in no way asserted a constitutional speedy trial claim. On the contrary, petitioner through counsel specifically urged that "[u]nlike a speedy trial motion predicated upon constitutional grounds, a motion made pursuant to § 30.30 is not governed by the five factors recently enunciated in *People v. Taranovich*, 37 N.Y.2d 442, 373 N.Y.S.2d 79, 335 N.E.2d 303. It will succeed or fail purely upon mathematical calculations . . . ." (Appellant's Br. at 13). The *Taranovich* factors, thus expressly labelled irrelevant to petitioner's appeal, are virtually identical to the four factors that *Barker v. Wingo* (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, establishes as dispositive of

1. C.P.L. § 30.30 provides:

   A criminal action or proceeding, or any appeal therefrom, is entitled, under the direction of the court, to preference in the trial or hearing thereof, over all civil actions and special proceedings provided, however, that a criminal action wherein the defendant is in

   the custody of the sheriff pending determination of the charges is entitled to a first preference in the trial thereof over all criminal actions, except those wherein the defendant has been released on recognizance or bail for a period of one hundred eighty days or longer.

Sixth Amendment claims of undue delay.[2] *Id.* at 530, 92 S.Ct. 2182.

Under these circumstances, we find that petitioner's constitutional claim was not "fairly presented to the state [appellate] court." *Picard v. Connor* (1971) 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, see *United States ex rel. Johnson v. Vincent* (2d Cir. 1974) 507 F.2d 1309.

It appears that no avenue of relief in state court remains open to petitioner for his constitutional speedy trial claim.[3] Accordingly we cannot say that he has failed to exhaust his state remedies. *Humphrey v. Cady* (1972) 405 U.S. 504, 516, 92 S.Ct. 1048, 31 L.Ed.2d 394. *Cf. United States ex rel. Gibbs v. Zelker* (2d Cir. 1974) 496 F.2d 991, 994 n. 6.

We must therefore consider whether petitioner's failure to raise on appeal a constitutional speedy trial claim bypassed state procedures so as to preclude federal habeas review. In making that determination we are guided by the sequence of Supreme Court cases beginning with *Fay v. Noia* (1963) 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and culminating in last term's decision in *Wainwright v. Sykes* (1977) —— U.S. ——, 97 S.Ct. 2497, 53 L.Ed.2d 594. In *Fay v. Noia*, petitioner Noia had neglected to bring any appeal of his state conviction, and his subsequent coram nobis action was thereby barred. The Court held that Noia was nonetheless entitled to federal habeas review of his claim that the conviction was based upon a coerced confession. The Court asserted that a habeas petition is not barred by procedural defaults unless there had been a "knowing waiver" or "deliberate bypass." *Fay v. Noia*, 372 U.S. at 439, 83 S.Ct. 822. Subsequent decisions in *Davis v. United States* (1973) 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 and *Francis v. Henderson* (1976) 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 limited the effect of *Fay*. *Francis* held that a habeas petitioner's failure to raise pre-trial his objection to a grand jury's composition, as required by state law, barred consideration of that claim in federal habeas, absent a showing of "cause" for the procedural waiver and "actual prejudice" flowing from it. *Id.* 425 U.S. at 542, 96 S.Ct. 1708. This past term in *Wainwright v. Sykes, supra,* the Court further limited *Fay* and extended the *Francis* "cause" and "prejudice" test to a waived objection to the admission of a confession at trial.

In the wake of *Wainwright*, it remains unclear which waivers are to be evaluated under the *Fay* "deliberate bypass" standard and which under the *Francis* test, the contours of which await more precise definition. Separate concurrences in *Wainwright* by the Chief Justice and Mr. Justice Stevens shed light on the subject. Taking guidance from their opinions, as well as interpretations of *Wainwright* by the Second and Eighth Circuits, we discern that the Court is more apt to find a habeas petitioner bound by a bypass with respect to a strategic or tactical decision of the kind normally committed to counsel, than with respect to decisions of the sort entrusted to the defendant himself.[4] See *Wainwright v.*

---

**2.** The *Taranovich* factors are (a) the extent of the delay, (b) the reasons for it, (c) the nature of the underlying criminal charge, (d) whether there has been an extended period of pre-trial incarceration, and (e) whether the delay hampered the defense. The elements of the *Barker v. Wingo* balancing test are (a) the length of the delay, (b) the reasons for delay, (c) the defendant's assertion of his speedy trial rights, and (d) the prejudice to the defense, along with such other circumstances as may be relevant.

**3.** C.P.L. § 440.10(2) provides in pertinent part that:

Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when: . . . .

. . . (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him;

**4.** The latter category includes such decisions as whether to plead guilty, *McMann v. Richardson* (1969) 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, forego assistance of counsel, *Brewer v. Williams* (1977) 430 U.S. 387, 97 S.Ct. 1233, 51

738

*Sykes, supra,* —— U.S. ——, at —— n. 14, 97 S.Ct. 2497, at 2508 n. 14 (Burger, C. J. concurring) (Stevens, J. concurring), *Estelle v. Williams* (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, *Ennis v. LeVre* (2d Cir. 1977) 560 F.2d 1072 at 1075, *Rinehart v. Brewer* (8th Cir. 1977) 561 F.2d 126, 130 n. 6.

The Second Circuit has recently observed that while "the decision whether to take an appeal . . . is a critical one committed ultimately to the defendant himself, decisions concerning which legal issues will be urged on appeal are uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment." *Ennis v. LeVre, supra,* 560 F.2d at 1075. In the absence of any showing of "cause" and "prejudice", *Francis v. Henderson, supra,* we find that petitioner is bound by his counsel's decision not to press the constitutional speedy trial issue on appeal.[5] See *Ennis v. LeVre, supra.* Accordingly, we find that claim to be inappropriate for habeas review.

(B).  The *Bruton* Question

 The essence of petitioner's claim of impropriety in the summation and charge is that the prosecutor's reference to the confession of a severed co-defendant was impermissible under *Bruton v. United States* (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and that the jury should have been instructed to that effect. The statement in question was Nathaniel Blair's admission: "I did the cab job . . . ." (Trial Transcript at 368). At no point did Blair implicate petitioner. We find this claim to be wholly lacking in merit.

In summary, we dismiss this petition for habeas relief. We decide the *Bruton* issue on the merits, dismiss the constitutional speedy trial claim for waiver of state remedy, and dismiss the remaining claims on the

grounds that they raise no question of constitutional magnitude.

SO ORDERED.

---

L.Ed.2d 424, *Johnson v. Zerbst* (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, or refrain from an appeal, *Fay v. Noia,* supra.

5.  The result might be different if petitioner had vigorously opposed his counsel's decision of which issues to raise on appeal. See *Kaufman*

*v. United States* (1969) 394 U.S. 217, 220 n. 3, 89 S.Ct. 1068, 22 L.Ed.2d 227, *Paine v. McCarthy* (9th Cir. 1975) 527 F.2d 173, 175–76.

Petitioner does not claim that he was denied the effective assistance of counsel on appeal, and we do not pass on that issue.