Antonio JIMENEZ, Plaintiff,

v.

Hon. Justice MARTINIS, J., the Supreme Court of the State of New York, Hon. Robert M. Morgenthau, the People of the State of New York, Defendants.

No. 77 Civ. 4241.

United States District Court,
S. D. New York.

Jan. 13, 1978.

Antonio Jimenez, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendants; Robert A. Forte, Asst. Atty. Gen., New York City, of counsel.

## OPINION

WHITMAN KNAPP, District Judge.

The *pro se* petitioner in this case pleaded guilty in state court to a charge of attempted robbery and was sentenced on that charge to a term of 5 to 10 years. His co-defendant, who unlike petitioner had agreed to plead guilty at the outset of plea negotiations, was sentenced to a term of 4 to 8 years for the same offense. Contending that the sentence imposed upon him violates the Equal Protection clause and was punishment for assertion of his Sixth Amendment right to trial, he asks this court to reduce his sentence or to vacate it and remand to the state court for resentencing.

■ Petitioner styles his suit as a civil rights action. We are not, however, bound by his characterization of the case. *King v. McGinnis* (S.D.N.Y.1968) 289 F.Supp. 466. Since the "ultimate object" of his suit is " 'obtaining release' from prison," *Sostre v. McGinnis* (2d Cir. 1971) 442 F.2d 178, *cert. denied*, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740, we find it is actually a habeas action. See *King, supra.* As such, it is subject to dismissal if petitioner failed to exhaust available state remedies, 28 U.S.C. § 2254(b), or if he bypassed state procedures so as to preclude federal habeas review. *Wainwright v. Sykes* (1977) 433 U.S. 72, 97

S.Ct. 2497, 53 L.Ed.2d 594, *Fay v. Noia* (1963) 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

 Petitioner did present the identical claim on appeal, without success. *People v. Jimenez* (1st Dept. 1975). He did not, however, seek leave to appeal to the state Court of Appeals. That failure apparently forecloses additional state appeals.[1] It further appears that the lower appellate court's determination on the merits foreclosures state collateral review as well.[2] Because no avenue of relief appears open to petitioner in state court, we cannot say that he has failed to exhaust his state remedies. *Humphrey v. Cady* (1972) 405 U.S. 504, 516, 92 S.Ct. 1048, 31 L.Ed.2d 394, *Frazier v. Czarnetsky* (S.D.N.Y.1977) 439 F.Supp. 735.

We must therefore consider whether petitioner's failure to seek leave to appeal to the state Court of Appeals bypassed state procedures so as to render federal collateral review inappropriate. *Wainwright, supra; Fay v. Noia, supra.* Petitioner has not provided us with any explanation for that failure. Under such circumstances, dismissal would ordinarily be warranted. But the lack of explanation here is understandable in light of petitioner's characterization of his action as a Civil Rights Act claim, to which the exhaustion requirements of the habeas statute do not apply. Accordingly, we dismiss the petition, but with the proviso that it may be reinstated upon submission by petitioner within 60 days hereof of an appropriate explanation for his failure to

have sought leave to appeal to the Court of Appeals.[3]

SO ORDERED.

---

1. C.P.L. 460.10(5)(a) provides that an appellant, to obtain leave to appeal to the Court of Appeals from the decision of an intermediate appellate court, must make an application "[w]ithin thirty days after service upon the appellant of a copy of the order sought to be appealed."

2. C.P.L. § 440.10(2) provides in pertinent part that;

   Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:

   (a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effec-

tive change in the law controlling such issue;

. . . .

C.P.L. § 440.20(2) provides in pertinent part that:

   Notwithstanding the provisions of subdivision one, the court must deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon appeal from the judgment or sentence

. . . .

3. We do not decide at this juncture whether petitioner's bypass should be evaluated under the "cause and prejudice" test of *Wainwright,* supra, or the "deliberate bypass" standard of *Fay,* supra. See generally, *Frazier,* supra, *Ennis v. LeFevre* (2d Cir., 1977) 560 F.2d 1072.