Malik ALLAH, Petitioner,

v.

Eugene S. LE FEVRE, Supt. and Louis Lefkowitz, Attorney General of New York, Respondents.

Nos. 78C 1527, 75C 115.

United States District Court, E. D. New York.

Dec. 7, 1978.

Malik Allah, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of N. Y., by Stephen A. Marcus, Asst. Atty. Gen., New York City, for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner pro se, Malik Allah, has filed in this Court a habeas corpus petition under 28 U.S.C. § 2254 (1977). Malik Allah was indicted in Supreme Court, Queens County, for the May 13, 1973 murder of Father John P. Conlin and the robbery of the Church of Saint Bonaventure. The indictment charged one count of murder, one count of felony murder and one count of first degree robbery. Prior to trial, Malik Allah, who is not a lawyer, expressed the desire to appear pro se. Justice Bernard Dubin, the trial judge, permitted Malik Allah to represent himself, but appointed Donald F. Davis, Esquire, to act as Malik Allah's legal advisor. In the event of disagreement between Mr. Davis and Malik Allah, the Court permitted Malik Allah to disregard Mr. Davis' advice. Throughout the trial, Mr. Davis made occasional motions and raised objections to direct examination of the prosecution witnesses while Malik Allah consistently opposed all action taken by his legal advisor.

On July 2, 1974, the jury found Malik Allah guilty of felony murder and robbery in the first degree. On September 10, 1974, Justice Dubin sentenced Malik Allah to twenty five years for robbery and twenty five years to life for felony murder, each sentence to run concurrently. At the time of sentence, Justice Dubin told Malik Allah that he had "a right to appeal to the Appellate Division, Second Department, within thirty days . . ., (and had) a right to apply to the Appellate Division, Second Department, for the assignment of counsel and (to) prosecute the appeal as a poor person." (Sentencing minutes, New York State Supreme Court, Queens County, September 10, 1974). Although so informed, Malik Allah did not take a direct appeal to the Appellate Division from his judgment of conviction.

Malik Allah did file, on July 18, 1975, in Supreme Court, Queens County, a motion to vacate judgment of his conviction pursuant to N.Y.Crim.Proc.Law § 440.10 (McKinney 1971), alleging violation of his constitutional right to proceed pro se and ineffective assistance of counsel. On September 11, 1975, Justice Dubin found that defendant had failed to raise this argument on direct appeal and, accordingly, denied Malik Allah's motion. Malik Allah alleges that he then appealed the denial of his motion to vacate judgment to the Appellate Division, Second Department, but received no notification of the decision on appeal. Allegedly having no knowledge of the result, he felt precluded from filing a further appeal to the New York State Court of Appeals. However, Malik Allah apparently failed to perfect his appeal to the Appellate Division. According to an affidavit filed by an Assistant Attorney General of the State of New York, "a check of [the records of the Appellate Division, Second Department] discloses that petitioner [Malik Allah] has no outstanding appeals"[1] in New York State courts.

Malik Allah now brings, in this Court, a habeas corpus proceeding alleging grounds substantially similar to those alleged in the motion to vacate judgment of his conviction filed in State court. In support of his habeas corpus petition, Malik Allah argues that (i) the "trial court purposely disregarded an agreement between it and the petitioner in permitting 'stand by' counsel to intrude himself upon petitioner's feeble attempts to conduct a defense, (ii) petitioner was continuously interrupted by 'stand-by' counsel's intrusions—which took the form of making objections to testimony given by (prosecution) witnesses under direct examination, (and, iii) at no time did petitioner acquiesce in his position to represent himself and conduct his defense exclusively. No hearing or colloquy was held for the purpose of determining competency of petitioner to conduct a pro se defense." (Malik Allah, Petition for Writ of Habeas Corpus, July 13, 1978).

---

1. Affidavit of Stephen A. Marcus, August 22, 1978.

## Discussion

Malik Allah's failure to take a direct appeal of his judgment of conviction and to raise therein his claims of ineffective assistance of counsel and denial of right to proceed pro se bars consideration of his present claims in the habeas corpus action before this Court. *See,* 28 U.S.C. § 2254 (1977); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1976); *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). None of the factors which might raise the statutory bar imposed by the exhaustion of State remedies requirement are present here.[2]

Two Supreme Court cases, *Fay v. Noia,* the seminal case on state procedural defaults which established the deliberate bypass standard as a bar to federal habeas review, and *Wainwright v. Sykes,* limiting the standard of *Noia,* provide guidance on this issue.[3] Yet, when applied to the present facts, neither the more liberal *Fay v. Noia* standard nor *Wainwright v. Sykes* excuse Malik Allah's failure to exhaust State remedies here.

In *Noia,* while the Court held that the federal judge had limited discretion to deny habeas corpus relief to an applicant who had "deliberately bypassed the orderly procedure of state courts and in so doing has forfeited his state court remedies" (372 U.S. at 438, 183 S.Ct. at 849), a knowing and intelligent failure to take an appeal of arguments properly raised in state courts precluded an applicant from raising those arguments in a federal habeas corpus proceeding (372 U.S. at 438, 83 S.Ct. 822; *Wainwright v. Sykes,* 433 U.S. at 83, 97 S.Ct. 2497). The Court made clear that waiver of the right to appeal must be "knowing or actual," an "intentional relinquishment or abandonment of a known right or privilege." (372 U.S. at 439, 83 S.Ct. at 849).[4] Moreover, the Court stressed that where the petitioner was faced with the "grisly choice" between acceptance of a life sentence and pursuit of an appeal which might culminate in a sentence of death, such a waiver would not be considered a deliberate circumvention of State procedures. (372 U.S. at 439–40, 83 S.Ct. 822, 433 U.S. at 83, 97 S.Ct. 2497.[5]

In the present case, it appears to this Court that Malik Allah was aware of his right to appeal his conviction, and that he was aware that he had thirty (30) days in which to do so. At the time of sentencing, Justice Dubin expressly informed Malik Allah of his right to appeal his conviction within thirty (30) days, of his right to counsel, and of his right to proceed *in pauperis.* Malik Allah failed to appeal within the designated time. Moreover, it cannot be said that he faced the "grisly choice" present in *Fay v. Noia.* Thus, the facts of the case at bar indicate the exercise of an informed waiver of the right to appeal, in satisfaction of the *Fay v. Noia* standard.

More recently, *Wainwright v. Sykes,* in restricting the circumstances under which failure to exhaust State remedies would not bar habeas corpus relief, substantially limited the protection afforded by *Fay v. Noia.* (433 U.S. at 87, 97 S.Ct. 2497). In *Wainwright v. Sykes,* the Court held that the

---

**2.** According to 28 U.S.C. § 2254(b) "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

**3.** *See also, Sincox v. United States,* 571 F.2d 876, 879 (5th Cir. 1978) extending the *Sykes* test to failure to appeal. (Unlike the present case, *Sincox* dealt with a 28 U.S.C. § 2255 petition.)

**4.** "As *Fay* put it" [*Wainwright v. Sykes,* 433 U.S. at 92, 97 S.Ct. 2497, citing *Fay v. Noia,* 372 U.S. at 439, 83 S.Ct. 822, 849],

"If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, . . . then it is open to the federal court on habeas to deny him all relief . . . ."

**5.** The *Wainwright v. Sykes* court, in limiting *Fay v. Noia,* again stressed the importance of the element of "grisly choice" as critical to a finding that a state procedural default did not bar review of a habeas corpus petition. 433 U.S. at 83, 97 S.Ct. 2497.

petitioner's failure to comply with the State of Florida's contemporaneous-objection rule at trial would bar federal habeas corpus review unless the petitioner could prove: (i) cause for noncompliance and (ii) actual prejudice resulting from the alleged constitutional violation. (433 U.S. at 84–5, 87, 97 S.Ct. 2497). At least one Appellate Court has since applied the *Sykes* test to failure to take direct appeal. *See, Sincox v. United States*, 571 F.2d 876, 879 (5th Cir. 1978).[6]

Malik Allah admitted that he did not appeal his conviction. Yet he offered no reasons nor even suggestions of an excuse for his procedural default. Moreover, he failed to show any actual prejudice arising from his claim of denial of his right to proceed pro se, and of denial of effective assistance of counsel. Thus, his failure to exhaust State remedies herein bars the granting of habeas corpus relief by this Court.

Accordingly, for the reasons set forth above, Malik Allah's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be, and hereby is, denied.

SO ORDERED.

---

**6.** *See also, Evans v. Maggio*, 557 F.2d 430, 432–33 (5th Cir. 1977) *and Frazier v. Czarnetsky*, 439 F.Supp. 735, 737–38 (S.D.N.Y.1977) (*Sykes* test applied to bar habeas review where petitioners had taken direct State appeals but did not raise on those appeals the issues raised in federal habeas, thus barring further State-Court review of such issues); *Cameron v. Hect*, 449 F.Supp. 189, 191–92 (E.D.N.Y.1978); *Jimenez v. Martinis*, 444 F.Supp. 457, 458 (S.D.N.Y. 1977). *Cf. Boyer v. Patton*, 579 F.2d 284, 286 (3d Cir. 1978) (suggestion that *Fay v. Noia* standard still governs in case of failure to take appeal, but as indicated above, even under said standard petitioner may not prevail herein).