**UNITED STATES ex rel. Salvador AGRON, Petitioner-Appellant,**

v.

**Ross E. HEROLD, M.D., Director of Dannemora State Hospital, Dannemora, New York, Respondent-Appellee.**

**No. 580, Docket 33608.**

United States Court of Appeals, Second Circuit.

Argued March 24, 1970.

Decided April 30, 1970.

Francis P. Clarke, New York City (Anthony F. Marra, New York City, on the brief), for petitioner-appellant.

Lillian Z. Cohen, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., all of the State of New York, on the brief), for respondent-appellee.

Before LUMBARD and HAYS, Circuit Judges, and BLUMENFELD, District Judge.*

---

* Of the District of Connecticut, sitting by designation.

HAYS, Circuit Judge:

## I.

In 1960 Salvador Agron was convicted after a jury trial in the former Court of General Sessions, New York County, of two counts of murder in the first degree and one count of attempted murder in the first degree. The conviction was affirmed by the New York Court of Appeals, People v. Agron, 10 N.Y.2d 130, 218 N.Y.S.2d 625, 176 N.E.2d 556, cert. denied, 368 U.S. 922, 82 S.Ct. 245, 7 L.Ed. 2d 136 (1961). He is presently serving a term of life imprisonment.[1]

Appellant has submitted numerous petitions for post-conviction relief, citing various grounds for his claim to such relief.[2] His most recent effort was a petition for a writ of habeas corpus in the United States District Court for the Northern District of New York. The court dismissed the petition, but granted a certificate of probable cause. This appeal was taken from the order dismissing the writ.

In his present application appellant contends that prejudicial pre-trial publicity deprived him of a fair trial. We affirm the lower court's denial of the writ on the ground that appellant waived this claim by his deliberate failure to raise it at trial and on appeal.[3]

## II.

Appellant was indicted together with six other youths[4] of Puerto Rican extraction for the murder of two teen age boys and the stabbing of one other. At the trial he was represented by Harris B. Steinberg and Rudolph Stand, two of the ablest practitioners of criminal law in the City of New York.[5] At no time did they raise the issue of prejudicial pre-trial publicity. No attempt was made to obtain a change of venue; no request was made for a continuance; the jurors were not examined to ascertain whether they came in contact with the allegedly prejudicial material; no mistrial was demanded either during or following selection of the jury; and the defense did not exercise all the peremptory challenges allotted to them. All seven defendants joined in a vigorous challenge to the jury on the ground that Puerto Ricans were being systematically excluded from New York City juries. Had they raised the issue of pre-trial publicity, by suggesting the most obvious corrective measure—a change of venue—the exclusion claim could not have been pressed.

---

1. Appellant was sentenced to death on the murder convictions. The Governor of New York commuted the death sentence to life imprisonment.

2. The parties list several coram nobis applications made in the county of conviction which were denied. In no instance did appellant perfect an appeal to the Appellate Division. There is a suggestion, without documentation, that appellant has made pro se applications to other state courts, all of which have been denied. In addition, appellant made a prior application for a writ of habeas corpus in the United States District Court for the Northern District of New York. This writ was denied by Judge Foley on October 23, 1967, because the allegations were unsupported generalities and because appellant had failed to exhaust available state remedies.

3. Judge Foley based his denial of the writ on appellant's failure to exhaust available state remedies, while also referring to appellant's waiver of his claim. Our decision to affirm on the waiver point does not mean that we disagree with Judge Foley's determination that appellant failed to exhaust state remedies.

4. Three of the co-defendants pleaded guilty to first degree manslaughter after the trial began. Two others were convicted of lesser degrees of the crimes charged. Appellant and one Hernandez were convicted as charged and appealed directly to the Court of Appeals. Hernandez' conviction was reversed. People v. Agron, 10 N.Y.2d 130, 218 N.Y.S.2d 625, 176 N.E.2d 556, cert. denied, 368 U.S. 922, 82 S.Ct. 245, 7 L.Ed.2d 136 (1961).

5. Mr. Stand argued appellant's case on appeal.

On appeal, appellant's brief did not discuss the issue of pre-trial publicity, although it was raised by a co-defendant.[6] Appellant sought certiorari to the Supreme Court solely on the issue of exclusion of jurors.

### III.

■■ A "federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). To find a waiver there must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1022; 82 L.Ed. 1461 (1938).

■ Appellant's counsel intentionally declined to raise, and thereby relinquished the pre-trial publicity claim. Perhaps they did so because they thought that the claim of exclusion of Puerto Ricans from New York City juries presented a stronger issue. Even appellant does not suggest that the right to raise the pre-trial publicity issue was "unknown" to his distinguished counsel.

Appellant contends that he cannot be charged with his counsel's choice of strategy. However, in Henry v. Mississippi, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965), the Court said that in the absence of exceptional circumstances:

> "counsel's deliberate choice of * * * strategy would amount to a waiver binding on petitioner and would preclude him from a decision on the merits of his federal claim either in the state courts or here." (footnote omitted)

Appellant suggests no circumstances which could properly be characterized as exceptional.

There is no occasion for remanding this case for an evidentiary hearing on the question of waiver, since the record before this court clearly establishes that appellant waived the pre-trial publicity claim.

Affirmed.

BLUMENFELD, District Judge (concurring in the result):

I concur in the judgment which upholds Judge Foley's dismissal of the petition. He dismissed the petition for failure to exhaust state remedies and I rest my concurrence on that ground.

Although there are some indications of waiver which may be inferred from the bare record, that issue was never clearly passed upon in Agron's case by either the state court or Judge Foley. With all deference, I think it is premature to decide that what is before us is sufficient to foreclose "an evidentiary hearing to determine whether petitioner 'after consultation with competent coun-

---

6. The court said:

"As to the claim that the trial was seriously prejudiced by newspaper, radio and television reports:

"The jury was scrupulously instructed by the court to avoid any discussion of the trial, and particularly to abstain from reading or listening to any accounts thereof each time that they recessed. Indicative of the lack of merit of this contention is appellant's (only Hernandez raises this point) failure to move for a continuance, change of venue or mistrial on this ground. In any event, appellant has not shown (a) that some or all of the jurors came in contact with any prejudicial material; or (b) that it in fact exerted an influence upon them thus depriving him of a fair and impartial trial. Absent such a showing, appellant's point must fail (United States ex rel. Darcy v. Handy, 351 U.S. 454, 461–462, 76 S.Ct. 965, 100 L.Ed. 1331; Holt v. United States, 218 U.S. 245, 251, 31 S.Ct. 2, 54 L.Ed. 1021; see, also, Note, Free Press; Fair Trial—Rights in Collision, 34 N.Y.U.L.Rev. 1278, 1290–1291). This certainly is no Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 case, where, among other things, 'Eight out of the 12 [trial jurors] thought petitioner was guilty' before trial." 10 N.Y.2d 142, 215 N.Y.S.2d 633–634, 176 N.E.2d 561.

sel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures * * *.' Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837." Henry v. Mississippi, 379 U.S. 443, 450, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965). It would not be unlikely that the petitioner, as the one with whom counsel consulted, would have at the very least his own testimony to offer on whether he made a "considered choice." Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).