UNITED STATES of America ex rel. John SCHAEDEL, Petitioner-Appellant,

v.

Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent-Appellee.

Nos. 829 and 830, Dockets 31189 and 32289.

United States Court of Appeals, Second Circuit.

Argued May 24, 1971.

Decided Aug. 13, 1971.

2. See Wiggin v. Kohlmeyer & Co., 5 Cir., 446 F.2d 792 [July 9, 1971].

**1298**

Robert Hermann, The Legal Aid Society, New York City (Milton Adler, The Legal Aid Society, New York City, on the brief), for appellant.

Brenda Soloff, Office of Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of N. Y., and Samuel A. Hirshowitz, First Asst. Atty. Gen., and Lillian Z. Cohen, Asst. Atty. Gen., on the brief), for appellee.

Before KAUFMAN, ANDERSON and MANSFIELD, Circuit Judges.

ANDERSON, Circuit Judge:

These are consolidated appeals from orders of the United States District Court for the Southern District of New York denying appellant's applications for writs of habeas corpus under 28 U.S.C. § 2254. Both applications challenged the lawfulness of appellant's custody under a 1964 conviction in the County Court, Suffolk County for grand larceny.

At the time of his arrest on January 3, 1963, appellant was vice president of Northeast Insulation Company which was wholly owned by Jacques Segal, its president. One of appellant's duties consisted of computing the hours worked by mechanics employed by the corporation and passing this information to the accounting department which issued a blanket check to appellant for payment of the mechanics. Evidence introduced at the trial showed that appellant added additional hours to the time cards he submitted to accounting, cashed the blanket check, paid the mechanics what they properly were due and appropriated the balance. Following judgments of conviction on jury verdicts of guilty on five counts of grand larceny in the first degree, appellant was sentenced on June 23, 1964 to concurrent terms of five to ten years on each count; he is presently serving those sentences. The convictions were affirmed by the Appellate Division, People v. Schaedel, 23 A.D.2d 967, 260 N.Y.S.2d 601 (2d Dept.1965), and leave to appeal to the New York Court of Appeals was denied.

Docket No. 32289 is an appeal from Judge Palmieri's order denying, without a hearing, appellant's application for a writ of habeas corpus, 275 F.Supp. 548, seeking release from custody on the ground that an involuntary confession was utilized at trial or, alternatively, seeking a federal evidentiary hearing on the issue of voluntariness under Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12

L.Ed.2d 908 (1964). Joined with this appeal is an appeal (Docket No. 31189) from an earlier denial by Judge Frankel of an application for a writ of habeas corpus which sought release from custody on the ground that a ten-month period of delay between the time of arrest and trial, during which time a prospective witness died, denied appellant his Sixth Amendment right to a speedy trial. For the reasons hereinafter stated, we affirm both orders of the district court.

*Docket No. 32289*

■ Detective Investigator George Holmes of the Suffolk County District Attorney's office testified that on the evening of January 8, 1963 he was investigating the payroll problem at the company's offices and spoke with the appellant. Holmes testified that the appellant admitted to falsifying time cards and to appropriating the difference between what the employees were properly owed and the amount called for by the altered time cards. Defense counsel offered no objection to the testimony[1] and cross-examined Holmes in an attempt to challenge his ability to recollect the events of the evening of January 8. The cross-examination did not attempt to challenge the voluntariness of the admissions and the court did not instruct the jury to determine whether the admissions were voluntarily given.

On June 22, 1964, one day before appellant was sentenced, the Supreme Court decided Jackson v. Denno, *supra,* which overruled Stein v. New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953), and held that due process required a separate hearing on the issue of voluntariness and a resolution by the trial judge of all factual issues bearing on the voluntary nature of the confession. On his direct appeal, appellant was represented by the same retained counsel who had represented him at the trial and he raised no claim that the admissions testified to by Detective Holmes were involuntarily given.

Shortly after the completion of his direct appeal, appellant moved for a writ of error *coram nobis,* claiming that the admissions introduced against him at trial were the result of coercion and were, therefore, involuntary. The motion was denied without a hearing under People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), on the ground that *Huntley* had been decided while appellant's case was on direct appeal,[2] and the claim should have been raised at that time, and on the ground that no objection had been lodged at the trial to Detective Holmes' testimony. The denial was affirmed without opinion and leave to appeal was denied.

■ On this record, we agree with the district court's conclusion that the application for habeas corpus must be denied because of the failure of appellant to object to the use of his allegedly involuntary oral admissions at the trial or to raise the issue on direct appeal. Where the federal habeas applicant "has

1. At the close of the prosecution's case, defense counsel moved to dismiss for failure to make out a prima facie case. When reminded of the defendant's admissions, counsel attempted to object to their use, but the court pointed out that no objection had been lodged when they were introduced, and it refused to hear further argument. Although a tardy objection may serve the purpose of a contemporaneous objection for purposes of avoiding the deliberate bypass rule, Henry v. Mississippi, *infra,* 379 U.S. at 448, 85 S.Ct. 564, the transcript clearly indicates that counsel was objecting only to the use of the confession, standing alone, to make out a prima facie case, which is proscribed under § 395, New York Code of Criminal Procedure.

2. In *Huntley* the New York Court of Appeals held that the hearing mandated by Jackson v. Denno, *supra* which has retroactive application, see McMann v. Richardson, *infra,* 397 U.S. at 783, 90 S.Ct. 1441; Johnson v. New Jersey, 384 U.S. 719, 727–728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Tehan v. U. S. ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed. 2d 453 (1966); Linkletter v. Walker, 381 U.S. 618, 639 and n. 20, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), was not required in cases where the confession was admitted without objection or there was no assertion by the defendant or his witnesses that the confession was involuntary, unless the trial court charged the jury on voluntariness under Stein v. New York, *supra.*

deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies" the federal habeas judge may, in his discretion, deny relief. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Under New York law a contemporaneous objection is required to preserve the issue on appeal, but no objection is required to preserve for appellate review a deprivation of a fundamental constitutional right, and the failure to object does not waive the defendant's state remedies for the preservation of those rights. People v. McLucas, 15 N. Y.2d 167, 256 N.Y.S.2d 799, 204 N.E.2d 846 (1965); People v. DeRenzzio, 19 N. Y.2d 45, 277 N.Y.S.2d 668, 224 N.E.2d 97 (1966); People v. Arthur, 22 N.Y.2d 325, 292 N.Y.S.2d 663, 239 N.E.2d 537 (1968). Federal habeas relief, therefore, is not foreclosed where the failure to object did not waive state remedies. United States ex rel. Vanderhorst v. LaVallee, 417 F.2d 411 (2 Cir. 1969), cert. denied, McMann v. Vanderhorst, 397 U.S. 925, 90 S.Ct. 930, 25 L.Ed.2d 105 (1970). Here, however, the appellant not only failed to object to Detective Holmes' testimony but also failed to raise the issue on appeal. On Appellant's state *coram nobis* application the state court held this constituted a waiver of state remedies.

Although state proceedures requiring a contemporaneous objection and a raising of the issue on appeal clearly serve legitimate state interests and are not void under either the due process or supremacy clause, Henry v. Mississippi, 379 U. S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Fay v. Noia, *supra*, appellant argues that his failure to comply with these rules cannot be held to constitute a deliberate bypass of state procedures because (1) nothing in the record indicates that appellant participated or acquiesced in counsel's decision not to object to the admissions, and (2) the decision not to object was compelled by procedures for determining voluntariness which were held unconstitutional in

Jackson v. Denno, *supra*. Neither argument possesses merit under these circumstances.

■■ A strategic decision by appellant's counsel not to object to a confession, with or without prior consultation with the client, is binding on the client in the absence of exceptional circumstances. Henry v. Mississippi, *supra*; United States ex rel. Agron v. Herold, 426 F.2d 125 (2 Cir. 1970). Counsel's position as manager of the lawsuit requires such a standard, and a contrary rule would unnecessarily disrupt the trial process. See J. Gibbons, Waiver: The Quest for Functional Limitations on Habeas Corpus Jurisdiction, 2 Seton Hall L.Rev. 291, 304–305 (1971); Developments—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1109–1112 (1970). No claim has been made that counsel's failure to object was inadvertent, compare Henry v. Mississippi, *supra*; United States ex rel. Vanderhorst v. La-Vallee, *supra*, and the record demonstrates, from appellant's own papers, that counsel knew of the possibility of objecting to the voluntariness of the confession both under § 395 of the New York Code of Criminal Procedure and under the Fifth and Sixth Amendments. Moreover, even if consultation with the client were required, the record indicates that appellant had discussed the issue with his attorney and knew that no objection would be lodged. Absent a claim of incompetence of counsel, therefore, counsel's deliberate decision not to object or raise the issue on appeal forecloses federal habeas relief. Cf. McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970); J. Gibbons, *supra*, at 305.

■ Appellant argues, however, that because counsel's decision not to object was compelled by the unconstitutional pre-*Jackson* New York procedures for determining voluntariness, the decision cannot be classified a deliberate bypass of state procedures. Even if the argu-

ment were accepted,[3] however, it would not benefit appellant, because Jackson v. Denno, *supra*, was decided before appellant began his state appellate processes, and *Huntley* was decided while he was still involved in those processes. Because appellant failed to raise the issue of a Jackson v. Denno hearing on appeal in the state courts, as he was entitled to do under People v. McLucas, *supra*, he deliberately bypassed state procedures which provided a remedy. See United States ex rel. Molinas v. Mancusi, 370 F.2d 601 (2 Cir.), cert. denied, Molinas v. Mancusi, 386 U.S. 984, 87 S.Ct. 1285, 18 L.Ed.2d 232 (1967); United States ex rel. Agron v. Herold, *supra*. Absent a claim of inadvertent error or incompetence of counsel, therefore, federal habeas relief is not available. Cf. McMann v. Richardson, *supra*.

*Docket No. 31189*

■ Appellant was arrested on January 8, 1963 and the trial was held some fifteen months later on April 23, 1964.

During the entire period appellant was free on bail. Ten months after the arrest, Jacques Segal, president of Northeast Insulation Company and a prospective prosecution witness, was killed in an airplane crash on November 16, 1963. Appellant claims that Segal's testimony would have exonerated him of any criminal liability and, therefore, that the ten-month delay between his arrest and Segal's death denied him a speedy trial. As the delay was due mainly to appellant's own motion to inspect the grand jury minutes and the normal summer recess where preferences were given to the cases of jailed defendants, the relatively short period of the state's inaction is not of Sixth Amendment proportions under United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2 Cir. 1963), and we appreciate the candor with which counsel for appellant acknowledged this point at oral argument.

The orders of the district court are, therefore, affirmed.

---

3. Appellant cites numerous decisions from other circuits for this proposition, but these decisions are distinguishable from the present appeal. Unlike the present record, in United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500 (3 Cir. 1969) and United States ex rel. Montgomery v. Brierley, 414 F.2d 552 (3 Cir. 1969), cert. denied, 399 U.S. 912, 90 S.Ct. 2206, 26 L.Ed.2d 566 (1970), the records were silent both on the question of counsel's inadvertent error and on defendant's knowledge that no objection would be lodged. In Moreno v. Beto, 415 F.2d 154 (5 Cir. 1969) the defendant was faced with completely waiving his Fifth Amendment privilege had he taken the stand to contest the voluntariness of his confession. In Hizel v. Sigler, 430 F.2d 1398 (8 Cir. 1970) it was held error for the trial court to have failed to raise the issue of voluntariness on its own motion because of the defendant's diminished mental capacity. Schildan v. Gladden, 426 F.2d 1158 (9 Cir. 1970) is better understood as a case where the federal court was not bound to find a deliberate bypass because the state court, in hearing the merits of the claim in a collateral proceeding, had ignored its own waiver rules. Finally, in United States ex rel. O'Connor v. New Jersey, 405 F.2d 632 (3 Cir.), cert. denied, Yeager v. O'Connor, 395 U.S. 923, 89 S.Ct. 1770, 23 L.Ed.2d 240 (1969), at the time of trial the admissibility of the confession was clear. Subsequent to the trial and direct appeal a change in the *substantive* law defining involuntariness provided the defendant with his claim. Compare United States ex rel. Meadows v. New York, 426 F.2d 1176 (2 Cir. 1970).

Moreover, these cases were decided prior to McMann v. Richardson, *supra*, in which the Supreme Court dismissed, without a hearing, an attempt collaterally to attack a guilty plea on the ground that it was motivated by a coerced confession whose voluntariness could not be challenged by procedures that passed constitutional muster. The Court held that in the absence of a claim of incompetent counsel, habeas corpus would not lie.