**UNITED STATES of America ex rel. David BARBER**

**v.**

**Edward HENDRICK, Supt.**

**Misc. No. 69–633.**

United States District Court, E. D. Pennsylvania.

June 23, 1970.

David Barber, pro se.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Relator, David Barber, is once again before the Court with a petition for a writ of habeas corpus. This petition deals with Bill of Indictment #264, October Term, 1968, which charges the relator with aggravated robbery.

The first matter which the Court will dispose of is relator's Motion for Order of Discharge. Relator filed this motion after the Commonwealth, through the District Attorney of Philadelphia, failed to answer this Court's Show Cause Order within the allotted thirty (30) days. Relator requests that the Commonwealth's Answer be "regarded as null". It is true that the Answer was filed three weeks late (the Answer to the Show Cause Order was due on March 12, 1970 and the Commonwealth responded on April 2, 1970). However, while the Court does not condone this failure of the Commonwealth to abide by the Order of this Court, we find that relator has in no way been prejudiced and therefore will deny his motion.

Since the relator alleges as the basis for seeking the writ that he has

been denied his right to a speedy trial[1] the Court will discuss in some detail the history of this case.

Relator first became aware that possible criminal action would be taken against him in this matter when a detainer was lodged against him in April 1968 while he was in Holmesburg awaiting disposition of another case. On September 17, 1968, relator was formally arrested and in October of that year the Grand Jury returned Bill of Indictment #264, October Term, against the relator. In January 1969, Harold Yaskin, Esq., of the Public Defender's Office, was appointed to represent relator. In May of 1969 relator filed a request for a speedy trial or in the alternative that if he was not so tried that the indictment be dismissed. In December 1969 the Honorable D. Donald Jamieson presided over a hearing in this case where relator was represented by Dennis T. Kelley, Esq., of the Voluntary Defender's Office.[2] After reviewing the posture of the case, Judge Jamieson ordered the case to be listed for trial later that month. Judge Jamieson noted that the delay from the May request for a speedy trial to the hearing in December was primarily occasioned by the fact that relator, with respect to another outstanding Bill of Indictment,[3] had been confined in the State Maximum Forensic Diagnostic Hospital at Holmesburg Prison pursuant to a sixty (60) day commitment order. While relator was committed in late July or early August, the psychiatric report was not completed un-

til late November of 1969. Trial dates have been set at intermittent times since December including May 13, 1970 and June 3, 1970.

It should first be noted that the Court could dismiss the petition because relator has not exhausted his state court remedies in that he has not sought the state common law pretrial remedy of habeas corpus. 28 U.S.C.A. § 2254(b), United States ex rel. Hutson v. Hendricks, Civil Action No. 69–283 (E.D.Pa. filed June 13, 1969). Cf. United States ex rel. Lowry v. Case, 283 F.Supp. 744 (E.D.Pa.1968). However, exhaustion is a matter of comity not jurisdiction and in the instant case the Court feels that it will not be an affront to comity for the Court to assume jurisdiction. *See* United States ex rel. Drew v. Myers, 327 F.2d 174 (3rd Cir.), cert. denied, 379 U. S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964).

Since the delay from May 1969 to December 1969 was largely a result of his confinement for psychiatric examination which was related to another Bill of Indictment, the Court does not consider this time period critical. Moreover, we conclude that the other relevant time periods (from September 17, 1968, when relator was arrested, to May 15, 1969 when he made a motion for a speedy trial, and from December, 1969 to the present—approximately fourteen months) are not sufficient to rise to the level of a denial of due process or a vio-

---

1. Relator also asserts that the Commonwealth is acting in violation of 19 P.S. § 781, the "two term" rule. However, even assuming that such is the case, relator has not tested this question before any state court and therefore he has not exhausted state court remedies as directed by 28 U.S.C.A. § 2254(b). Moreover, since such a violation, if it did exist, would merely constitute a violation of state law, it would not per se entitle relator to have the writ granted but would, at most, be a factor in determining whether relator was denied his constitutional right to a speedy trial. Cf. United States ex rel. Bennett v. Rundle, 419 F.2d 599 (3rd Cir. 1969).

2. In a letter dated April 7, 1970, relator claims no knowledge of such a hearing. David Richman, Esq., of the District Attorney's Office, responded that while such a hearing was held with Mr. Kelley present, it is possible that relator was not present and may not have been informed that such a hearing took place.

3. This Court had occasion to closely scrutinize this other proceeding. See United States ex rel. Barber v. Hendrick, Civil Action No. 69–2175 (E.D.Pa. filed January 19, 1970).

lation of relator's right to a speedy trial. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The Court finds that the lapse of time is, under all the facts and circumstances, not unreasonable, and that there has been no showing of "purposeful or oppressive" delay which would warrant the granting of the writ. See Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L. Ed.2d 393 (1957). However, even if the Court determined that the delay which is not attributable to the relator was un-, reasonable, it is not so substantial as to warrant a prima facie case of prejudice. Compare United States v. Simmons, 338 F.2d 804 (2nd Cir. 1964) where a delay of nine months was found insufficient to constitute a prima facie case of prejudice, with United States v. Lustman, 258 F.2d 475 (2nd Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958) where a four year delay was held to constitute such a prima facie case.

■ In the instant case relator has not asserted that he has been prejudiced, nor can the Court perceive how relator could allege facts which would support such an allegation. This is supported by the fact that since the indictment was handed down, relator has been confined awaiting trial for murder, which is a non-bailable offense. Since the Court feels that, under all the circumstances, the period of delay is not of such length as to warrant the granting of the writ, and relator has not been prejudiced by this delay, and that his trial is imminent,[4] we shall deny the relief requested. However, due to the overall length of the delay in this case, if relator is not tried within thirty (30) days, the Court will grant the writ of habeas corpus.

### ORDER

And now, to wit, this 23rd day of June, A.D. 1970, it is ordered that rela-

tor's Motion for Order of Discharge and his petition for a writ of habeas corpus be and the same are hereby denied.

And it is so ordered.

---

4. The Court has learned from the District Attorney's Office that the trial was scheduled to commence on June 8, 1970. ■

However, at that time Mr. Yaskin, relator's counsel, was unable to proceed due to medical reasons.