■   JOSEPH SPECTOR, Doing Business as CONTINENTAL PAINTING COMPANY, Respondent, v. MANSHUL CONSTRUCTION CORPORATION, Appellant.— Order, Supreme Court, New York County, entered on December 19, 1973, granting plaintiff's motion for summary judgment, and judgment entered thereon on December 27, 1973, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, and the motion denied. Triable issues of fact exist which preclude the grant of summary judgment to the plaintiff as to its claim for extra and additional work. Plaintiff failed to demonstrate performance of the extra work, agreement as to the price therefor or the fair and reasonable value of the extras.   Furthermore, no purpose would be served by directing an assessment (see *Youssoupoff* v. *Columbia Broadcasting System,* 19 A D 2d 865).   Concur — Markewich, J. P., Kupferman, Steuer, Capozzoli and Yesawich, JJ.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VERNON PITTS, Appellant.— Judgment, Supreme Court, Bronx County, rendered on December 20, 1972, convicting defendant, upon a jury verdict, of robbery in the first degree, grand larceny in the third degree, assault in the second degree and possession of a weapon as a misdemeanor, and sentencing defendant to indeterminate concurrent terms of imprisonment of from 7 to 21 years on the robbery conviction, one year each for both the grand larceny and assault convictions and to an unconditional discharge on the possession count, unanimously reversed and vacated, on the law, and the matter remanded to the Supreme Court for a new trial. At the close of a combined *Wade* and suppression hearing, assigned defense counsel for this indigent defendant made application for a free transcript of the proceeding, which request was denied. This application, having been made *prior* to the Court of Appeals holding in *People* v. *Sanders* (31 N Y 2d 463), is governed by the rationale enunciated in *People* v. *Zabrocky* (26 N Y 2d 530) and thus, the application having been erroneously denied, defendant is entitled to a new trial.   Further, gratuitously charging the jury that certain uncharged crimes, to wit, rape and sodomy, were felonies as a matter of law, was improper and warrants, on this record, reversal and a new trial.   Concur—McGivern, P. J., Markewich, Lupiano, Tilzer and Yesawich, JJ.