■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACIO ENNIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 19, 1974, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence. Judgment modified as to the conviction, on the law and the facts, by reducing the conviction to one of unlawful imprisonment in the first degree; as so modified, judgment affirmed as to the conviction; judgment reversed as to the sentence, on the law, and case remanded to Trial Term for resentence in accordance herewith. Defendant came up behind his victim in her building's laundry room, put a razor to her throat, and forced her to accompany him to the incinerator room next to the laundry room. He ordered her to remove her clothing, but the building's superintendent walked into the room while she was in the process of removing her clothing, whereupon defendant fled. Defendant was convicted of kidnapping in the second degree. That conviction cannot stand. The proof of kidnapping in the second degree (Penal Law, § 135.20) was insufficient as the evidence revealed that any detention of the victim was incidental to the commission of the crimes of attempted rape and sexual misconduct (cf. *People v Watts,* 48 AD2d 863; *People v Usher,* 49 AD2d 499; *People v Lombardi,* 20 NY2d 266). As the crime of unlawful imprisonment in the first degree was established beyond a reasonable doubt, the judgment has been modified accordingly. Latham, Acting P. J., Cohalan, Margett and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the judgment and dismiss the remaining count of the indictment, with the following memorandum: The kidnapping statute does not apply to crimes which are essentially robbery, rape or assault in which some confinement or asportation occurs only as a subsidiary incident of the robbery, rape or assault (*People v Lombardi,* 20 NY2d 266, 270; *People v Usher,* 49 AD2d 499). The incidental restraint in such cases merges, as a factual matter, into the ultimate crime (*People v Miles,* 23 NY2d 527, 539). If no independent "kidnapping" crime remains, there cannot survive, as a lesser included offense, any crime such as unlawful imprisonment. The merger of the higher crime carries with it the merger of the lesser included offense as well.