**UNITED STATES of America ex rel. Johnny Mack BROWN, Petitioner,**

v.

**WARDEN, PONTIAC STATE CORREC-TIONAL CENTER, Respondent.**

**No. 75 C 16.**

United States District Court, N. D. Illinois, E. D.

July 29, 1976.

William J. Reifman, Philip J. McAleer of Mayer, Brown & Platt, Chicago, Ill., for petitioner.

Donald Hubert, Asst. Atty. Gen. of Ill., Chicago, Ill., for respondent.

MEMORANDUM DECISION

MARSHALL, District Judge.

Respondent's motion for summary judgment in this habeas corpus action, 28 U.S.C.

§ 2254, presents the issue of whether the petitioner has deliberately by-passed state remedies, thus foreclosing federal collateral attack of his state criminal conviction.

In November 1971, petitioner Johnny Mack Brown was convicted of rape and burglary. The evidence of guilt is summarized in the opinion of the Appellate Court of Illinois, which affirmed both convictions but vacated the sentence for burglary. *People v. Brown*, 15 Ill.App.3d 205, 303 N.E.2d 465 (3d Dist. 1973). Prior to trial, one of Brown's retained counsel, Mr. Pistilli, moved to suppress certain evidence seized by police and certain statements made by Brown to police officers on the grounds that his arrest was illegal, that the police illegally searched his car, that he was not adequately advised of his *Miranda* rights, and that his confession was coerced. After an extensive hearing covering some 600 pages in the record, the trial court denied the motion. On direct appeal after the conviction, Mr. Geis was appointed to represent petitioner. Mr. Geis only raised issues concerning merger of offenses and the propriety of the sentence. According to his deposition in the present action, Mr. Geis deliberately omitted any contention on appeal concerning the motion to suppress because, in his judgment, those issues were "not meritorious" or even "arguable."

On January 3, 1975, Brown collaterally attacked his conviction by filing a *pro se* petition for a writ of habeas corpus in this court. After counsel was appointed, an amended petition was filed raising the four suppression issues and adding a claim that Mr. Adams, Mr. Pistilli's co-counsel at trial, rendered ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner has not attacked the competency of

Mr. Pistilli, who initially raised and argued the suppression issues, or of Mr. Geis, who declined to raise those issues on appeal.

Respondent now seeks summary judgment as to the four suppression issues, arguing that appellate counsel's intentional decision not to raise the issues on appeal constitutes a deliberate by-pass of available state remedies and forecloses collateral attack by means of federal habeas corpus. Petitioner responds that *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Seventh Circuit opinions interpreting that decision hold that the client must personally participate in "major decisions" made by his counsel before a deliberate by-pass can be found and that the decision whether or not to appeal certain issues is a "major decision." Petitioner states in an affidavit that he never communicated with his appellate counsel concerning which issues would be raised on appeal, that he first learned of those issues when he received a copy of the brief in the mail, that he did not deliberately by-pass any available state remedy, and that he did not contemplate a habeas corpus petition until after the appeal had been decided. Thus, petitioner urges that this collateral attack on his state court conviction is not precluded because he did not understandingly and knowingly waive appeal of the suppression issues.

Thus the sole question presented on this motion for summary judgment is whether, in the absence of any claim of the incompetence, hostility, or inadequacy of appointed appellate counsel, that counsel's deliberate decision to forego the reassertion of issues raised at trial is binding on the non-participating client and constitutes a deliberate by-pass which bars federal collateral attack.[1] We agree with respondent

---

1. Neither party has addressed the issue of whether petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254(b). Interpreting this provision, the Supreme Court has required that a federal habeas applicant must present the state courts with the same claims he urges in the federal courts. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The state appellate court in this case was not presented with the claims

now urged. Because *Fay v. Noia, supra,* has limited the exhaustion requirement to currently available state remedies, however, a dismissal on this basis is appropriate only when state post-conviction relief is available on these issues. As was noted in *United States ex rel. Williams v. Brantley*, 502 F.2d 1383, 1385 (7th Cir. 1974), the scope of post-conviction relief has been narrowly interpreted by the Illinois courts and a federal petition should be dis-

that in the circumstances of this case there has been a deliberate and effective waiver of the four suppression issues which warrants a dismissal of that portion of the instant petition.[2]

Both parties agree that *Fay v. Noia, supra,* furnishes the controlling standard. The crucial language of that opinion has been frequently quoted,[3] but the standard set down is not without some ambiguity. While the Court emphasized the importance of the client's participation in the waiver decision, the Seventh Circuit has interpreted the language to leave open the possibility that "in some situations the acts of counsel, although not explicitly approved by the defendant, may fairly effect a waiver." *United States ex rel. Allum v. Twomey,* 484 F.2d 740, 744 (7th Cir. 1973). And several courts have found a deliberate by-pass by trial counsel to be binding on the non-participating defendant where counsel's conduct involved questions of strategy which arose during trial. See *United States ex rel. Allum v. Twomey, supra,* (failure to object to the admission of an in-custody statement); *United States ex rel. Agron v. Herold,* 426 F.2d 125, 127 (2d Cir. 1970) (failure to object to prejudicial pre-trial publicity); *United States ex rel. Schoedel v. Follette,* 447 F.2d 1297, 1299 (2d Cir. 1971) (failure to object to the use of an involuntary confession); and *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965) (failure to object to a police officer's testimony which was the fruit of an unlawful search). These cases recognize that trial counsel must have the authority to make tactical decisions on trial procedure promptly as the trial progresses, even in the face of client's incomprehension or lack of approval. A rule requiring attorneys to obtain the consent of clients before deciding whether to object to the admission of evidence or whether to cross-examine a witness would unnecessarily disrupt trial processes and would infringe on the implied authority of the attorney to manage trial strategy. *Brookhart v. Janis,* 384 U.S. 1, 8–9, 86 S.Ct. 1245, 1249, 16 L.Ed.2d 314 (1966) (Harlan, J., concurring); *United States ex rel. Allum v. Twomey, supra.*

Recent decisions of the Supreme Court also indicate that the Court recognizes limits on *Fay's* principle that the waiver of constitutional rights must ordinarily be made knowingly and voluntarily by the defendant. In *Estelle v. Williams,* 425 U.S.

---

missed for failure to exhaust this state remedy only if there is direct precedent indicating that relief is available. We have been unable to find such precedent applicable to the circumstances of this case. Therefore we conclude that petitioner has exhausted his state remedies, i. e., he does not have a currently available state remedy.

2. This memorandum decision had been finally prepared at the time the Supreme Court decided *Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d ——, 44 L.W. 5313 (July 6, 1976). We note that *Stone* precludes consideration of petitioner's Fourth Amendment claims for reasons additional to those expressed herein.

3. " . . . the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies.

"But we wish to make very clear that his grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas corpus. The classic definition of waiver enunciated in *Johnson v. Zerbst,* 304 U.S. 458 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461]— 'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. . . . the standard here put forth depends on the considered choice of the petitioner. . . . A choice made by counsel not participated in by the petitioner does not automatically bar relief. Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver affecting federal rights is a federal question. . . . Each case must stand on its own facts." 372 U.S. at 438–40, 83 S.Ct. at 849.

501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the Court held that although an accused may not be compelled to appear at trial in prison garb, the failure to object to being so clothed negated the presence of compulsion, even absent a showing of a conscious surrender of a known right. Similarly, in *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the Court held that a defendant must show "cause" and "actual prejudice" to overcome his failure to make a timely challenge to the composition of the grand jury. In thus elevating the hurdle to be cleared by certain habeas applicants above the deliberate bypass test set by *Fay*, the Court appears to be selectively redefining the standard for determining the surrender of certain constitutional protections.

█ Although the contours and limits of the Court's holdings are obscure and their impact on other habeas proceedings is uncertain, we discern that the Court is applying a less stringent standard for determining waiver with respect to essentially strategic and tactical decisions by a counselled accused. *See Estelle v. Williams*, 96 S.Ct. at 1695, n.3. In contrast, decisions involving the relinquishment of fundamental rights, such as the entry of a guilty plea, *see McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1969), the decision to forego assistance of counsel, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), or the decision not to appeal, *Fay v. Noia, supra*, are appropriately made by the client himself after he fully comprehends the consequences of his decision. We believe the test for determining the amount of client participation required turns on numerous factors, including the stage of the proceedings at which the decision is made, the significance of the legal consequences which attach to the decision, the practical necessities of the adversary system, the degree to which counsel has an adequate opportunity to consult with the client before the decision is made, and the degree to which society has entrusted counsel with a measure of competence to make independent judgments in his role as an advocate.[4]

Applying these criteria to the facts of the instant case, we are persuaded that the decision whether or not to appeal certain issues which the attorney deems frivolous, as opposed to the decision whether or not to appeal at all, falls within the category of decisions which do not automatically require the participation of the client. An appointed trial counsel has been charged with the duty of respecting his client's desire to file an appeal. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1968). If appointed counsel is to have the responsibility for conducting a criminal appeal, however, he must have the authority to make decisions concerning the best arguments to present on appeal, based on his experienced and well-informed judgment. A rule requiring appellate counsel to personally consult with the client before deciding which issues to appeal would unnecessarily burden appellate procedure. We recognize that in some cases the omission of certain issues may effectively deprive the defendant of any appeal at all and render meaningless his initial decision to appeal. In the present case, however, a copy of appellate counsel's brief was furnished to the defendant, thus affording him an opportunity to review counsel's planned presentation. Moreover, petitioner has not asserted that Mr. Geis's appraisal of the merits was wrong, or that friction between Mr. Geis and petitioner caused his wishes to be ignored or his will to be overborne. *Cf. Paine v. McCarthy*, 527 F.2d 173 (9th Cir. 1975). Of course, such a failure to object is not the equivalent of a knowing and intelligent waiver. In addition, the acquiescence of the habeas petitioner may be more difficult to presume where counsel is appointed rath-

---

**4.** The discussion of the history of collateral attack of state court convictions in federal habeas corpus proceedings found in *Stone v. Powell, supra*, may portend a return to the exhaustion standards of *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953) and *Daniels v. Allen* reported therewith at 344 U.S. 482–87, 73 S.Ct. 397, 97 L.Ed. 469 (1953). This is a question we need not and do not decide.

er than retained. Nevertheless, the failure to object does suggest that petitioner received a conscientious investigation of his case by competent counsel. And in the absence of a specific charge of incompetence, we are reluctant to make the cynical assumption that an appointed lawyer's professional judgment concerning the frivolousness of appealing certain issues is not to be trusted. Furthermore, petitioner does not challenge the adequacy of the trial court's hearing on the motion to suppress and he does not suggest that his representation by trial counsel was constitutionally deficient in that respect.

■ Petitioner argues, however, that by filing and pursuing a motion to suppress at trial he put the state courts on notice that the admissibility of evidence was being challenged and he expressed the absence of any desire to allow its introduction, thus negating the existence of any deliberate by-pass. This contention receives some support in *Kaufman v. United States*, 394 U.S. 217, 220 n.3, 89 S.Ct. 1068, 1070, 22 L.Ed.2d 227 (1969), and *United States ex rel. Allum v. Twomey, supra.* In *Kaufman,* newly appointed appellate counsel failed to renew on appeal an objection made in the trial court. After oral argument, however, counsel forwarded a letter from petitioner to the appellate court requesting consideration of the omitted issue. The court's subsequent opinion did not refer to the new claim. Petitioner then sought collateral relief under 28 U.S.C. § 2255. The Supreme Court held that when constitutional claims are asserted, post-conviction relief cannot be denied solely on the ground that relief should have been sought by appeal. We believe that the petitioner's expressed desire in *Kaufman* to raise the issue on appeal and the lack of any finding in that case that the appellate counsel conscientiously determined that issue to be without merit are strong indications that no deliberate by-pass could be inferred. We adhere to our holding that, in the absence of a claim of appellate counsel's incompetence, hostility, or failure to make a conscientious investigation, that counsel's decision to forego the reassertion of non-meritorious issues on ap-

peal is binding on the non-participating client and bars federal collateral attack.

Accordingly, respondent's motion for partial summary judgment is granted as to the issues based upon petitioner's Fourth and Fifth Amendment suppression contentions.

Although not presently before us for ruling, we turn briefly to petitioner's final contention: ineffective assistance of counsel. The allegations underlying this contention are succinctly stated in Paragraph E of the habeas petition as follow:

During the proceedings, petitioner was represented by two counsel, Louis Pistilli and Sam Adams. Mr. Pistilli appeared at all proceedings while Mr. Adams, on the other hand, communicated his advice to the petitioner and his requests to the court via the telephone. At first, Mr. Adams' advice consisted chiefly of instructions to ask for continuances which the court consistently denied. However, after the prosecution had presented its case in chief, Mr. Adams told petitioner to ask for another continuance and refuse to take the stand if such request was denied. Petitioner followed these instructions and never took the stand. Because of this advice, petitioner presented no defense at all to the charges. Since petitioner's main defense to the charges was consent, this advice was catastrophic.

Such advice given by his retained counsel fails to meet the minimum standard of professional representation which is required under the Sixth Amendment. By virtue of the advice petitioner received at trial he was effectively denied any defense to the charges. Such advice of counsel rendered the proceedings unfair and deprived petitioner of due process and effective assistance of counsel which is guaranteed under the Sixth Amendment.

In light of the unquestioned competence of Mr. Pistilli, we have serious doubts as to the sufficiency of this allegation and we observe that it has never been presented to the Illinois courts. But in deference to the adversary system we will not decide the

question on our own motion. We do, however, direct respondent to address the questions of exhaustion and sufficiency by an additional motion for summary judgment within 30 days.