Macio ENNIS, Petitioner,

v.

E. LeFEVRE, Superintendent, Clinton Correctional Facility, Dannemora, New York, Respondent.

No. 76–C–900.

United States District Court, E. D. New York.

Oct. 12, 1976.

Macio Ennis, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent.

### MEMORANDUM and ORDER

COSTANTINO, District Judge.

Petitioner was convicted by a jury in New York State Supreme Court of kidnapping, and was sentenced to a term of five to fifteen years in prison. On appeal, the Appellate Division, Second Department modified the conviction to unlawful imprisonment in the first degree and remanded for resentencing. *People v. Ennis,* 50 A.D.2d 935, 377 N.Y.S.2d 600 (2d Dep't, 1975). The petitioner was resentenced to a term of four years in prison, and leave to appeal to the Court of Appeals was denied. Ennis then filed this *pro se* petition for a writ of habeas corpus and for leave to proceed in forma pauperis. The motion to proceed in forma pauperis is granted.

In his petition for habeas corpus relief, petitioner makes three claims: (1) that he was denied due process and equal protection by the absence of the minutes of the *Wade* hearing from the record on appeal; (2) that the State unconstitutionally compelled him to be represented by a lawyer he did not desire; and (3) that he was subjected to double jeopardy by virtue of the Appellate Division's modification of his sentence.

Petitioner's first claim is without merit. He argues that he was denied due process and equal protection because, due to his indigency, the minutes of his *Wade* hearing were not included in his record on appeal. This claim is totally unsupported by the record. While it is true that the minutes of the *Wade* hearing were not included in the appellate record, there is nothing to indicate that the petitioner was denied access to the minutes by any action on the part of the State, or that he was denied access due to his indigency. In fact, it appears that the minutes were available, but were never properly requested either by petitioner or his counsel. Moreover, there are no allegations in the petition as to how petitioner was prejudiced by the omission of the minutes from the record. He does not allege that there were defects in the hearing procedure or that the inclusion of the minutes in the record on appeal would have in some way altered the outcome of his appeal. Absent such allegations going to the validity of the hearing procedure or to the sufficiency of the evidence adduced at the hearing, petitioner's due process and equal protection claims must be denied. *See United States ex rel. Buford v. Henderson,* 524 F.2d 147 (2d Cir., 1975), cert. denied, 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976).

Petitioner's second contention is also unpersuasive. It appears from the papers in this case that petitioner was not seeking to have his appointed counsel relieved so that he could proceed *pro se, see Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but rather so that he could have another attorney appointed to

represent him. It is not clear from the petition whether the motions to replace counsel were raised during trial or were made for the first time with respect to the prosecution of the appeal. However, at neither time did petitioner have the "unbridled right to reject counsel and demand another." *United States v. Calabro,* 467 F.2d 973 (2d Cir., 1972), *cert. denied,* 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973), *reh. denied,* 411 U.S. 941, 93 S.Ct. 1891, 36 L.Ed.2d 404 (1973). *See also United States v. Tortora,* 464 F.2d 1202, 1210 (2d Cir.), *cert. denied sub nom. Santoro v. United States,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). ("No defendant has an absolute right to any particular counsel.")

█ In order to warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest. *United States v. Calabro, supra.* In the case before this court, while petitioner has used the words "conflict of interest" in his petition, he has alleged no facts which justify the conclusion that such a conflict existed. Differences between attorney and client over strategy are not of themselves sufficient to require replacement of counsel, particularly where the attorney indicates his willingness to continue with the case. *Calabro, supra* at 986.

Here, it is true that petitioner's counsel filed papers with the Appellate Division to the effect that he would not oppose his client's motions to relieve him. When the motions were denied, however, counsel continued to prosecute the appeal. The effectiveness of counsel's efforts is evidenced by the fact that he obtained a modification of the conviction. Petitioner has failed to show that there was good cause to replace his attorney and he has failed to show that the assistance he received was ineffective. Therefore, his petition cannot be granted on those grounds.

█ Petitioner's double jeopardy claim is equally without merit. As the Supreme Court recently stated in *Breed v. Jones,* 421 U.S. 519, 530, 95 S.Ct. 1779, 1787, 44 L.Ed.2d 346 (1975), "the Double Jeopardy Clause . . . . is written in terms of potential or

risk of *trial* and conviction, not punishment." Since petitioner was never subjected to a second trial, there was no violation of the Double Jeopardy Clause.

In light of the above discussion, the petition is denied. So ordered.