**Randall HALL**

v.

**Joseph DORSEY, et al.**

**Civ. A. No. 81–5083.**

United States District Court,
E. D. Pennsylvania.

March 10, 1982.

---

Randall H. Hall, pro se.

## MEMORANDUM

GILES, District Judge.

In this civil-rights suit under 42 U.S.C. § 1983, a state prisoner complains that during his trial, the state court refused to file various pro se papers. Upon review of plaintiff's amended complaint, I shall dismiss this action for the reasons which follow.

The original complaint in this action alleged that defendant Keithly, an officer of the Delaware County Court of Common Pleas, refused to accept filings from plaintiff. Plaintiff also sued Ms. Keithly's superior, Joseph Dorsey. I dismissed Mr. Dorsey because the complaint alleged no wrongdoing on his part. The remainder of the complaint was dismissed for lack of

specificity, with leave to amend. I required that the amendment state, at a minimum, the time, nature, and case number of the purportedly rejected filings. *See* Memorandum and Order (Dec. 17, 1981).

Plaintiff timely filed an amended complaint in full compliance with those requirements.[1] He recounted, in detail, four papers submitted to defendant Keithly which she allegedly should have docketed, but instead returned to the plaintiff. Amended Complaint at 2–3. Each paper was intended to be filed in the criminal proceeding in which plaintiff was eventually convicted, *Commonwealth v. Hall*, Del.Cty. C.P.No. 2359–80. *Id.* at 3–4. The papers, either sent directly to Ms. Keithly, or routed through plaintiff's attorney, were all pro se. In sum, defendant is alleged to have refused to file pro se papers in a case in which plaintiff was represented by counsel.

Under federal law, a criminal defendant has the right to appear pro se or by counsel.[2] This right is guaranteed both by the Constitution and by statute.[3] The federal right, however, is disjunctive; a party may either represent himself or appear through an attorney. There is no right to "hybrid" representation—simultaneously pro se and by counsel.[4]

---

1. Due to an erroneous reading of the dismissal order of December 17th, the clerk of this court caused the original complaint to be served on defendants. Although the memorandum and order dismissing the complaint also were sent to defendants, they both answered the complaint. In addition, defendant Keithly moved for summary judgment. Plaintiff then moved for an extension of time to reply to defendant's motion. In ruling on the amended complaint, however, I have ignored defendants' filings, and considered only plaintiff's complaint and amended complaint.

   Plaintiff's amended complaint was neither docketed nor served on the defendants. That pleading came to my attention only when it was found with the original file as I was about to consider plaintiff's motions. This oversight will be corrected by requiring the Clerk of the Court to docket the amended complaint and mail a copy to the defendants.

2. *See, e.g., Faretta v. California*, 422 U.S. 806, 807, 832, 95 S.Ct. 2525, 2527, 2539, 45 L.Ed.2d 562 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560

F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976).

3. Of course the statute, 28 U.S.C. § 1654 (1976), applies only to proceedings in federal court.

4. *See, e.g., United States v. Olson*, 576 F.2d 1267, 1269–70 (8th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024–25 (10th Cir. 1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976); *Move Org. v. City of Philadelphia*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078–79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352–53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writ-writer).

Pennsylvania law also gives the accused the right to counsel and the right to defend himself.[5] Like the federally-created rights, these state rights have consistently been interpreted to be disjunctive. The accused has the right to be heard by himself; the accused has the right to be heard by his counsel; but not both.[6]

Thus, under both federal and state law, an accused who appears by counsel possesses no right to proceed pro se. Here, according to the amended complaint, plaintiff was represented by counsel at his state trial (and apparently is still represented by counsel on appeal). Accordingly, he had no right to file papers pro se.[7] Defendant Keithly's alleged refusal to accept those papers violated no right of plaintiff. Because no right was violated, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(d).[8]

Furthermore, although the right to self-representation is not inferior to the right to counsel, see Faretta, 422 U.S. at 832, 95 S.Ct. at 2539, it is, at least at trial, unconstitutional to allow a defendant to exercise his right to appear pro se without conducting a colloquy to determine that in so doing, the defendant knowingly and intelligently waives his sixth-amendment right to counsel. See, e.g., United States v. Welty, 674 F.2d at 188–189, 190–193 (3d Cir. 1982); see also Faretta, 422 U.S. at 835–36, 95 S.Ct. at 2541.

5. "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel ...." Pa.Const. art. 1, § 9. A similar right is conferred by the constitutions of most states. See Faretta. 422 U.S. at 813 n.10, 95 S.Ct. at 2530 n.10.

6. Commonwealth v. Williams, 270 Pa.Super.Ct. 27, 34, 410 A.2d 880, 883 (1979); Commonwealth v. Ferenc, 92 Montgomery 176, 179–81 (Pa.C.P., 1969), aff'd mem., 216 Pa.Super.Ct. 782, 261 A.2d 117 (1970); accord, Commonwealth v. Kosmin, 104 Montgomery 5, 9–10, 12 Pa.D.& C.3d 148, 155–56 (Pa.C.P.1978), aff'd mem., 267 Pa.Super.Ct. 631, 408 A.2d 539 (1979); see Commonwealth v. Gorman, 28 Somerset 247, 250 (Pa.C.P.1973); cf. Commonwealth v. Trowery, 435 Pa. 586, 587, 258 A.2d 499, 499 (1969) (per curiam) (where defendant prepared petition for review, and counsel merely furnished backer and typist, case remanded for counsel to fulfill requirements of effective assistance by preparing petition himself).

7. Because pro se filing presents some of the same "dangers, ... disadvantages, ... technical problems, ... [and] risks," Welty, at 188, as defending pro se at trial, see id. at 188–189, it may even have been unconstitutional for defendants to accept plaintiff's filings without an intelligent waiver of the right to counsel. See note 4 supra.

8. Dismissal under § 1915(d), rather than summary judgment or judgment on the pleadings, is appropriate because plaintiff has not responded to defendants' filings and because I have taken no account of those papers. It follows from the form of dismissal that plaintiff's motion for appointment of counsel is denied, and defendant's motion for summary judgment, as well as plaintiff's motion for an extension, are dismissed.