## Commonwealth v. Beatty

restrictions based on policy limits which figure so prominently in the instant case.

*Marie T. Veon, assistant district attorney,* for the Commonwealth.

*Harry Wayne Beatty,* in propria persona.

WHITE, *P.J.,* January 28, 1991—We have for consideration the petition for writ of habeas corpus filed by defendant, Harry Wayne Beatty. Without consideration of the merits of this motion, defendant's motion is dismissed.

Defendant, Harry Wayne Beatty, has been charged with criminal homicide, specifically murder of the first degree in violation of 18 Pa.C.S. §2502(a) and murder of the third degree in violation of 18 Pa.C.S. §2502(c) in the death of his father, Harry DeWayne Beatty, on or about August 12, 1990, in Jackson Township, Venango County, Pennsylvania. Defendant, upon arrest, was incarcerated in the Venango County Jail and remains there as he has been unable to raise bail. Defendant, being indigent, is represented by the Venango County Public Defenders who have entered an appearance in the above-captioned matter. To date, the Venango County Public Defenders remain counsel of record for defendant and defendant has not waived counsel in order to proceed pro se.

Defendant, since his arrest and incarceration, has had numerous communications with this court and attempted pro se filings. To date, these communications have been addressed as merely informational communications. The current communication, however, appears as a proper petition for writ of habeas corpus filed by defendant. We, therefore, are faced with deciding whether to schedule a hearing and consider the merits of defendant's petition or to disregard the petition without a hearing on the merits.

Allowing a defendant to file pro se motions while being represented by counsel creates confusion and, at times, inconsistent approaches or strategies in defenses available to the defendant. This would also create an undue burden upon the court in attempting to decide which motions to consider, in what order should the motions be addressed, and if the motions are frivolous, are sanctions available and to whom are they chargeable. It is difficult for defense counsel to plan defense strategies if the defendant is allowed to file pro se motions, unchecked and without consideration of whether it is without merit or inconsistent with defense strategies.

The Pennsylvania Constitution affords a defendant in a criminal prosecution the right to an attorney. Pa. Const. art. 1, §9. The United States Constitution also provides this same right. U.S. Const. amend. VI. The U.S. Supreme Court has interpreted this right to include a right to self-representation in a state criminal trial. *Faretta v. California,* 422 U.S. 806 (1975). However, in order to exercise this right of self-representation, the defendant must render an expressed, knowing and intelligent waiver of his right to counsel. *Id.* See also, Pa.R.C.P. 318, and *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978). A defendant in a criminal case, therefore, clearly has the right to self-representation in a state criminal matter, which includes the filing of pro se motions.

The U.S. Constitution and the Pennsylvania Constitution give a defendant the right to be represented by counsel and also give the right to self-representation; however, this does not create a hybrid right whereby the defendant may be represented by counsel and also represent himself. The Superior Court, in *Commonwealth v. Williams,* 270 Pa. Super. 27, 410 A.2d 880 (1979), in addressing the

issue of hybrid representation, stated: "There is . . . a distinction between the constitutional right to proceed pro se pursuant to a valid waiver of a right to counsel and a right to proceed pro se and with counsel." Relying on cases from other jurisdictions, the Superior Court held that a criminal defendant has no Sixth or 14th Amendment right to act as co-counsel where he is already represented by an attorney and that a decision to permit such hybrid representation is better left to the sound discretion of the trial court. *Id.* The U.S. District Court for the Eastern District of Pennsylvania, in *Hall v. Dorsey,* 534 F.Supp. 507 (1982), while addressing a civil rights action, 42 U.S.C. §1983, brought by a defendant against an officer of the Delaware County Court of Common Pleas for refusing to accept pro se filings, dismissed the civil action holding there to be no right to "hybrid" representation. The court, in reaching this conclusion, stated:

"Under federal law, a criminal defendant has the right to appear pro se or by counsel. This right is guaranteed both by the Constitution and by statute. The federal right, however, is disjunctive; a party may either represent himself or appear through an attorney. There is no right to 'hybrid' representation—simultaneously pro se and by counsel.

"Pennsylvania law also gives the accused the right to counsel and the right to defend himself. Like the federally-created rights, these state rights have consistently been interpreted to be disjunctive. The accused has the right to be heard by himself; the accused has the right to be heard by his counsel; but not both.

"Thus, under both federal and state law, an accused who appears by counsel possesses no right to proceed pro se." *Id.* at 508-9. (footnotes omitted)

We conclude that a defendant represented by counsel has no right to "hybrid" representation, specifically representation simultaneously pro se and by counsel. As long as a defendant has counsel of record, this court will not consider any motions or filings done pro se unless the filing relates only to the issue of continued representation by present counsel of record.

Defendant, in the instant action, has previously been represented by the Public Defender's Office of Venango County, and continues to be represented by this counsel. Since defendant has no right to hybrid representation, we will not consider any pro se motions filed by defendant while represented by counsel.

For the foregoing reasons, defendant's petition for writ of habeas corpus is dismissed.

## ORDER OF COURT

And now, January 28, 1991, defendant's petition for writ of habeas corpus is dismissed.